MILLER KORZENIK SOMMERS RAYMAN LLP
David S. Korzenik
Terence P. Keegan
488 Madison Avenue Suite 1120
New York, New York 10022-5702
Phone (212) 752-9200 Fax (212) 688-3996
dkorzenik@mkslex.com
tkeegan@mkslex.com
*Attorneys for Defendant Bauer Media Group USA, LLC*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
_____x

| | |
|---|---|
| STEVE SANDS, | 1:17-cv-09215-LAK |
|                    Plaintiff,<br>-against-<br>BAUER MEDIA GROUP USA, LLC,<br>                   Defendant. | **ANSWER AND DEFENSES OF DEFENDANT BAUER MEDIA GROUP USA, LLC TO COMPLAINT** |

_____x

Defendant BAUER MEDIA GROUP USA, LLC ("Defendant" or "Bauer"), by its attorneys, Miller Korzenik Sommers Rayman LLP, as and for its Answer to the Complaint ("Complaint") of Plaintiff STEVE SANDS ("Plaintiff" or "Sands"), alleges as follows:

**PRELIMINARY STATEMENT**

This action concerns two photographs ("Photographs") of the model Emily Ratajkowski — one of her standing in the doorway of an apartment building, the other of her walking a dog in the middle of a New York City street — in nothing but boots and lace underwear. Both Photographs were published on the model's own Instagram profile in or around January 2017, in promotion of a "[s]ecret project" she was in New York for that month. Two months later, in March 2017, the "[s]ecret project" was revealed by Ratajkowski and the fashion label DKNY: Ratajkowski was the star of the fashion label's new, provocative advertising campaign, which featured photographs and

1

video of Ratajkowski modeling its lingerie while walking a dog out from a New York apartment and onto a city street in the dead of winter.

The men's general-interest website FHM.com was among a number of online publications that reported on Ratajkowski's role in the new DKNY campaign, and her promotion of the January 2017 campaign shoot, upon the campaign's debut in March 2017. FHM.com's March 13, 2017 article ("Article"), entitled *Emily Ratajkowski's New DKNY Ad Is Just Her Walking A Dog In Lingerie*, linked back to Ratajkowski's Instagram profile for editorial context on how she was promoting herself on social media in conjunction with the DKNY campaign. The Photographs — which had been published on Ratajkowski's Instagram profile months earlier, with no copyright notice or authorship attribution — appeared with a set of other photographs at the bottom of the Article, with credit to Ratajkowski's Instagram profile as their source. (In any event, materials from advertising campaigns are typically used by news organizations innocently, without permission and under an implied license.)

However, Sands — who has filed 40 copyright actions against news organizations and other defendants in this District since 2016 — omits *all* of the foregoing public record in his Complaint, in an attempt to mischaracterize the appearance of the Photographs on FHM.com as infringements of copyrights that he allegedly owns. Yet as Bauer will show, Sands' claims are plainly defeated by a number of defenses, including without limitation fair use reporting and implied license.

Sands' Complaint should be dismissed in its entirety with prejudice, and Bauer should be awarded *its* full costs and reasonable attorney's fees, together with interest (including prejudgment interest) thereon, and other and further relief as the Court deems just and proper.

## SPECIFIC RESPONSES TO THE COMPLAINT'S ALLEGATIONS

1. Bauer denies each and every allegation set forth in Paragraph 1 of the Complaint, except that Bauer denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Sands, the Photographs, any copyright in the Photographs, and Sands' ownership and registration of any copyright in the Photographs; and except that Sands respectfully refers the Court to the first and last sentences of Paragraph 1 of the Complaint to determine the propriety of the action as one for copyright infringement under the Copyright Act.

2. Bauer denies the allegations in Paragraph 2 to the extent they are in any way factual, but respectfully refers the Court to the legal conclusions set forth in Paragraph 2 of the Complaint and to the statutes referred to for their content and interpretation.

3. For the purposes of this action Bauer admits the allegations set forth in Paragraph 3 of the Complaint.

4. Bauer respectfully refers the Court to the legal conclusion set forth in Paragraph 4 of the Complaint, and to the statute referred to for its content and interpretation.

5. Bauer denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 5 of the Complaint.

6. Bauer denies that the address set forth in Paragraph 6 of the Complaint is a correct address, and denies each and every other allegation set forth in Paragraph 6 of the Complaint, except admits that it is a limited liability company duly organized and existing under the laws of the State of Delaware, that it is registered with the New York Department of State to do business in New York, and for the purposes of this action, that it owns and operates the website at the URL www.FHM.com.

7. Bauer denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 of the Complaint.

8. Bauer denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 of the Complaint.

9. The Complaint contains no Paragraph 9.

10. Bauer denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 of the Complaint.

11. Bauer denies each and every allegation set forth in Paragraph 11 of the Complaint, except admits that the Photographs appeared in a set of photographs accompanying the March 13, 2017 Article on the website FHM.com entitled *Emily Ratajkowski's New DKNY Ad Is Just Her Walking A Dog In Lingerie*, available at http://www.fhm.com/posts/the-sexy-dkny-commercial-of-emily-ratajkowski-walking-a-dog-in-lingerie-has-finally-been-released-127635/photos/emily-ratajkowski-instagram-239926, and attached hereto as Exhibit A.[1] Bauer further alleges that the Article explicitly indicated that the set of photographs appearing at the bottom of the Article was part of its editorial reporting of Emily Ratajkowski's newly released "commercial for DKNY" and Ratajkowski's previous promotion of the commercial on her own Instagram.com profile. Bauer further alleges that the Article linked to Ratajkowski's Instagram profile (https://www.instagram.com/emrata) — where both of the Photographs had been published in or around January 2017, with no copyright notice or attribution to Sands. Screenshots of the Photographs as they appeared on Ratajkowski's Instagram profile are attached

---

[1] The DNKY campaign video, which was posted to Ratajkowski's Instagram profile at https://www.instagram.com/p/BRlK2G8ln5T/?utm_source=ig_embed&utm_campaign=embed_l egacy (last visited Jan. 19, 2018), also can be accessed on the Article page. See Ex. A at 1.

4

hereto as Exhibit B. ² Bauer further alleges that beneath each of the Photographs at the bottom of the Article was the credit "Instagram/emrata" as the Photograph source. Bauer further repeats, realleges and incorporates by reference the first two paragraphs of the Preliminary Statement above as though fully set forth in response to Paragraph 11 of the Complaint.

12.     Bauer denies each and every allegation set forth in Paragraph 12 of the Complaint.

13.     Bauer repeats, realleges and incorporates by reference the Preliminary Statement and Paragraphs 1 through 12 above as though fully set forth in response to Paragraph 13 of the Complaint.

14.     Bauer denies each and every allegation set forth in Paragraph 14 of the Complaint.

15.     Bauer denies each and every allegation set forth in Paragraph 15 of the Complaint.

16.     Bauer denies each and every allegation set forth in Paragraph 16 of the Complaint.

17.     Bauer denies each and every allegation set forth in Paragraph 17 of the Complaint.

18.     Bauer denies each and every allegation set forth in Paragraph 18 of the Complaint.

---

² The Photographs (Ex. B at 1 and 2) are respectively available at Ratajkowski's Instagram profile at https://www.instagram.com/p/BP0iiGaD8ZN/?taken-by=emrata and https://www.instagram.com/p/BPgBEoxDTm4/?taken-by=emrata (both last visited Jan. 19, 2018). Ratajkowski referred to the DKNY campaign shoot as a "[s]ecret project" in an Instagram post dated January 19, 2017.  See Ex. B at 3 and https://www.instagram.com/p/BPdfAmADfKS/?utm_source=ig_embed&utm_campaign=embed_legacy (last visited Jan. 19, 2018).

19. Bauer denies each and every allegation set forth in Paragraph 19 of the Complaint.

20. To the extent any subheadings in the Complaint contain factual allegations, Bauer denies or denies knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in those subheadings.

21. Bauer denies each and every allegation set forth in the Complaint's Prayer for Relief, except that it respectfully refers the Court to the statutes referred to for their content and interpretation.

## **DEFENSES**

1. Sands has failed to state a cause of action upon which relief can be granted against Bauer.

2. Sands' purported claims cannot succeed because his copyright registration on the Photographs is invalid.

3. To the extent the Photographs are not within the copyright registration alleged by Sands, or to the extent Sands' alleged copyright registration is otherwise invalid, his purported claims are barred by his failure to register his purported copyrights with the U.S. Copyright Office prior to bringing suit as required by Section 411 of the U.S. Copyright Act, 17 U.S.C. § 411, and/or as required by Section 412 of the U.S. Copyright Act, 17 U.S.C. § 412.

4. Sands lacks a sufficient ownership interest to claim copyright in the Photographs.

5. To the extent that Sands lacks a valid interest in the Photographs' copyrights, or Photographs cannot be copyrighted, Sands lacks standing to assert a claim for copyright infringement.

6. Sands' purported claims are barred by waiver, estoppel, justification and/or consent.

7. Sands' purported claims are barred in whole or in part by his own knowledge, representations and/or conduct.

8. Sands' purported claims are barred by the doctrine of laches and/or unclean hands, and/or the doctrine of *in pari delicto*.

9. Sands' purported claims are barred because the conduct of Bauer was not the proximate cause of any alleged damage to Sands.

10. Sands' purported claims are barred on the ground that the actions and speech of Bauer are protected by the First Amendment.

11. Sands' purported claims are barred by the doctrine of fair use.

12. Sands' purported claims are barred by the doctrines of release or implied license.

13. Sands' purported claims are barred to the extent Bauer had expressly licensed the use of the Photographs.

14. Sands' requests for relief are not in the public interest.

15. Sands failed to mitigate his alleged damages, if any, and any alleged damages should be barred or reduced.

16. Any damages allegedly suffered by Sands were not caused by any act or omission of Bauer.

17. Sands sustained no damages as a result of the conduct of Bauer.

18. Sands is not entitled to any award for damages and Bauer's profits, if any, under 17 U.S.C. § 504(b).

19. Sands' recovery of damages, if any, is limited by the concept of innocent infringement and/or 17 U.S.C. § 504(c)(2).

20. Sands is not entitled to any award for statutory damages or for costs, expenses, or attorney's fees, including but not limited to any such remedies under 17 U.S.C. § 505. In fact, pursuant to the same statute, Bauer should be entitled to *its* costs, including reasonable attorney's fees.

21. Sands is not entitled to an injunction because he has not suffered and will not suffer irreparable harm, and because the balance of hardships does not weigh in his favor.

22. Bauer reserves the right to assert and rely on other defenses that become available or appear during the course of this action.

Dated: New York, New York  
January 19, 2018

MILLER KORZENIK SOMMERS RAYMAN LLP

By: /s/ David S. Korzenik  
David S. Korzenik  
Terence P. Keegan  
488 Madison Avenue Suite 1120  
New York, New York 10022  
Phone (212) 752-9200  
dkorzenik@mkslex.com  
tkeegan@mkslex.com  
*Attorneys for Defendant Bauer Media Group USA, LLC*