# MILLER KORZENIK SOMMERS RAYMAN LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

September 11, 2018

*Via ECF*

Hon. Lewis A. Kaplan, U.S.D.J.
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007-1312

Re:   *Sands v. Bauer Media Group USA, LLC*, No. 1:17-cv-9215
      <u>Request for Conference and Suspension of Motion Briefing Schedule</u>

Dear Judge Kaplan:

On behalf of Bauer Media Group USA, LLC ("Bauer") we write to reply to the letter of Plaintiff's counsel (Dkt. No. 31), in further support of our letter motion for a Rule 16 conference and suspension of the parties' summary judgment briefing schedule (Dkt. No. 23).

Plaintiff's counsel does not dispute that Steve Sands ("Sands") produced zero evidence of licensing either Photo at issue during discovery.[1] Nor can he dispute that Sands' non-disclosure contradicted the prior representations of his principal trial counsel that a licensing history existed and that it would be promptly produced to Bauer. *See* Dkt. No. 23, at 4-5; Dkt. No. 31. We had followed up on those representations twice via email and received no information in response. See Exhibit A (emails from Bauer counsel to Sands counsel dated Feb. 20, 2018 and Feb. 27, 2018) (highlight added).

Sands identified himself and no one else in his Initial Disclosures as "reasonably likely to have discoverable information" concerning the licensing of the "copyrighted works at issue." *See* Exhibit B, at 2 (highlight added). He then claimed during discovery that he had no documents "in his possession, custody, or control" concerning the reproduction, display, distribution and/or use of the Photos, or concerning any revenue, income, payments, or fees received by or owed to Sands for the same. *See* Exhibit C, at 6-7 (highlight added).

Yet now – one month after fact discovery has closed (Dkt. No. 21) – Sands has predicated a motion for partial summary judgment on a declaration stating that he created

---

[1] Plaintiffs' counsel notes that the parties stipulated to a summary judgment briefing schedule; but the foundation of the contemplated motions was the stipulated (and so-ordered) discovery timeframe. *See* Dkt. Nos. 16, 18, 20.

1

the Photos "for the purpose of licensing to news outlets and media organizations," and that he licensed one or both Photos to third-party agencies Getty Images and Matrix Pictures. *See* Declaration of Steve Sands (Dkt. No. 27) ¶¶10, 12-14 & Ex. C (Dkt. No. 27-3). *See also* Plaintiff's Local Rule 56.1 Statement (Dkt. No. 30) ¶¶14, 16-18.

At the least, Sands should be disallowed from using the licensing information he now claims to have on summary judgment or in any further proceedings. *See* Fed. R. Civ. P. 37(c)(1); Local Civil Rule 37.2. *See also, e.g., Ebewo v.* Martinez, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) ("The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence.") (citation omitted). The *Ebewo* Court excluded from consideration on summary judgment an affidavit that a plaintiff had submitted from a previously undisclosed expert, where the plaintiff "had it within his power to collect all the evidence required to prevail on his claim before the close of discovery," but instead filed the affidavit only during the parties' motion briefing. Not only did the court find that the delay prejudiced the defendant. In a "simple" case where the issues were "straightforward" and plaintiff's factual proof had been "clear" since the pleadings stage, the late evidence demonstrated the plaintiff's "flagrant bad faith and a callous disregard for the rules." *Id.* at 607-08, 607 n.2.

Likewise, Sands' months-long obfuscation of the Photos' licensing history and value further demonstrates how Sands has frustrated discovery over issues that are central to his claims of "willful infringement" as well as to Bauer's defenses of fair use and innocent infringement. *See* 17 U.S.C. § 107(2), (4); 17 U.S.C. § 504(c)(2); *see also* Dkt. No. 23, at 6.

Sands should not be permitted to march Bauer through summary judgment on the strength of information that was directly requested at the parties' initial conference and in written discovery, but which was never supplied. Even if Sands' misconduct did not reach the level of the plaintiff in *Ebewo*, he still should not be permitted to proceed here without first showing why he should not be required to post a bond under Local Civil Rule 54.2. Suspension of the summary judgment motion schedule pending the outcome of Bauer's requested Rule 16 conference is all the more appropriate now.

        Respectfully submitted,

        /s/ Terence P. Keegan
        Terence P. Keegan
        David S. Korzenik

cc:  Counsel of Record via ECF