UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE SANDS<br><br>                    Plaintiff,<br><br>- against -<br><br>BAUER MEDIA GROUP, LLC<br><br>                    Defendant. | Case No. 1:17-cv-9215 (LAK) |

## PLAINTIFF STEVE SANDS' OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff Steve Sands ("Plaintiff"), by its counsel, Liebowitz Law Firm PLLC, responds as follows to the First Set of Requests for the Production of Documents and Tangible Things by Defendant Bauer Media Group, LLC ("Bauer") (the "Requests," and each individually, a "Request'"):

### GENERAL OBJECTIONS

The following general objections ("General Objections") are incorporated in full into each response as if fully set forth therein, and all responses are subject to these general objections.

1. Plaintiff objects to the Definitions set forth in the Requests to the extent they seek to impose greater burdens on Plaintiff than are required by the Federal Rules of Civil Procedure.

2. Plaintiff objects to the Definitions set forth in the Requests to the extent

1

**EXHIBIT C**                                                                                                                    **PAGE 1**

they seek to impose greater burdens on Plaintiff than would the definitions for such terms contained in the Local Rules of the U.S. District Court for the Southern District of New York (the "SDNY"). With respect to the terms "person," "SDI," "Defendant," "communication," "document(s)," "concerning," and "any," Plaintiff responds as if the Request relies only on the definition set forth in the Local Rules of SDNY. With respect to the term "records," Plaintiff responds as if the term were coextensive with the term "documents." With respect to the term "relating to," Plaintiff responds as if the term were coextensive with the term "concerning."

3. Plaintiff objects to the definition of the term "produce" to the extent it requires Plaintiff to "separate such documents into categories set forth in this request." The definition is vague as the categories of "this request" are not apparent

4. Plaintiff objects to the instructions to the extent that they purport to require Plaintiff to seek or obtain documents that are not in his possession, custody, or control.

5. Plaintiff objects to each Request to the extent it calls for documents subject to the attorney-client, work product, or other privilege. Plaintiff will list such documents dated prior to the filing of this action on a privilege log but will not produce them. Plaintiff will not identify later documents as such identification would be invasive of attorney-work product.

6. Plaintiff objects to the instructions to the extent that, with respect to asserting the attorney-client privilege or work-product doctrine and producing information regarding such documents, they purport to impose burdens beyond those set forth in SDNY Local Civil Rule 26.2.

7. Plaintiff objects to each Request insofar as it is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

8. Plaintiff objects to each Request to the extent it seeks information and documents that are confidential, sensitive or trade secret. To the extent Plaintiff is required to produce any such information and/or documents, it shall do so pursuant to a protective order negotiated between the parties in this proceeding.

9. Plaintiff objects to each Request that seeks the disclosure of "all" documents of a specific nature or type as posing a burden upon Plaintiff disproportionate to the needs of the case because a limited amount of documents will sufficiently provide the necessary information.

10. Plaintiff objects to every Request to the extent it is not limited as to time.

11. Plaintiff objects to every request that seeks documents prior to March 2016 (or one year before the infringement). Unless specifically noted otherwise, Plaintiff generally will produce responsive documents relating to at least the time period of March 2016 until the filing of the Complaint in this action.

12. Plaintiff objects to every Request that seeks documents that are already in Defendant's custody, possession, or control, readily available to Defendant, or attainable by Defendant from public sources.

13. Plaintiff objects to the Requests insofar as they seek documents unrelated to the claims and defenses asserted in this proceeding.

14. Where Plaintiff has objected on the grounds of any of these general objections ("General Objections") or any specific objection ("Specific Objections"), it nevertheless may produce responsive documents that it considers to be sufficient for the purposes of the proceeding with respect to the subject of the Request. The fact that Plaintiff will produce such documents is not a waiver of its objections.

15. Plaintiff's responses and objections are without prejudice to, and Plaintiff does not waive any evidentiary objections relating to any Request or the response to the Request.

16. Plaintiff has not concluded its investigation of the facts relating to this case and has not completed formal discovery or preparation for trial. Accordingly, there may exist documents responsive to the Requests that Plaintiff does not yet have knowledge of or has not yet located, identified, or reviewed. All of the following responses are therefore based on such documents currently known or available to Plaintiff after a reasonable inquiry. Plaintiff reserves the right to alter, amend, or supplement its responses at any time.

17. Nothing contained in any response to any Request shall be construed as an admission by Plaintiff relative to the existence or non-existence of any documents or

information, and no such response shall be construed as an admission respecting the relevance or admissibility of any document or information, or the truth or accuracy of any statement or characterization contained in any Request.

## SPECIFIC RESPONSES AND OBJECTIONS

<u>Document Request No. 1</u>.   *All documents concerning Plaintiff's recognition as a "professional photographer" and as a "professional photographer in the business of licensing his photographs to online and print media for a fee," as alleged respectively in paragraphs 1 and 5 of the Complaint, from January 1, 2015 to the present, including but not limited to:*

   a) *catalogs of photographs available for license;*

   b) *licensing fee schedules and/or quoted licensing rates;*

   c) *proposed copyright licenses, assignments, transfers, and/or sales with "online" and/or "print media" entities;*

   d) *actual licenses with "online" and/or "print media" entities;*

   e) *proposed and/or actual copyright licenses, assignments, transfers, and/or sales with any other entities, for a fee or otherwise; and/or proposed and/or actual copyright licenses, assignments, transfers, and/or sales with any entities for either Photograph or both Photographs.*

**Response to Document Request No. 1**:   Plaintiff objects to Request No. 1 on grounds that it is unduly burdensome, requests information that is disproportionate to the needs of the case, and not calculated to lead to admissible evidence.  Subject to the foregoing General and Specific Objections, and subject to a Protective Order, Plaintiff shall produce

non-privileged documents responsive to Request No. 1 sufficient to demonstrate that Plaintiff is a professional photographer who licenses his images for a fee.

**Document Request No. 2**.  *All documents and/or tangible things concerning permission or consent granted by Plaintiff to "online" or "print media" entities as alleged in paragraph 5 of the Complaint, and/or any other entities, to reproduce, publically display, distribute and/or use any photographs taken or owned by him, for any purpose, from January 1, 2015 through the present.*

**Response to Document Request No. 2**: Plaintiff objects to Request No. 2 on grounds that it is unduly burdensome, requests information that is disproportionate to the needs of the case, and not calculated to lead to admissible evidence. Subject to the foregoing General and Specific Objections, and subject to a Protective Order, Plaintiff shall produce non-privileged documents responsive to Request No. 1 sufficient to demonstrate that Plaintiff has granted permission or consent to publishing entities to display his photographs.

**Document Request No. 3**.  *All documents and/or tangible things concerning revenue, income, payments and/or fees received by or owed to Plaintiff arising from the reproduction, display, distribution and/or use of either Photograph or both Photographs from January 1, 2015 through the present.*

**Response to Document Request No. 3**: Subject to the foregoing General objections, Plaintiff does not have documents in his possession, custody, or control that are responsive to Request No. 3.

**Document Request No. 4**: *Produce All documents and/or tangible things concerning the publication, reproduction, display, distribution and/or use of either Photograph or both Photographs by Plaintiff, or anyone acting on his behalf.*

**Response to Document Request No. 4**: Subject to the foregoing General objections, Plaintiff does not have documents in his possession, custody, or control that are responsive to Request No. 4.

**Document Request No. 5**: *All documents and/or tangible things reflecting communications between Plaintiff, or anyone acting on his behalf, and any person or entity concerning the publication, reproduction, display, distribution and/or use of either Photograph or both Photographs,* including but not limited to such communications between Plaintiff, or anyone acting on his behalf, and

    a) Emily Ratajkowski, or anyone purporting to act on her behalf; and

    b) Donna Karan New York ("DKNY"), or anyone purporting to act on its behalf.

**Response to Document Request No. 5**: Subject to the foregoing General objections, Plaintiff does not have documents in his possession, custody, or control that are responsive to Request No. 5.

Document Request No. 6: *All documents concerning all claims, suits and/or legal proceedings that Plaintiff has instituted with respect to either Photograph, both Photographs, or any other photograph owned or controlled by him, other than the instant action.*

**Response to Document Request No. 6**: Plaintiff objects to Request No. 6 on grounds that it is unduly burdensome, requests information that is disproportionate to the needs of the case, and not calculated to lead to admissible evidence. Subject to the foregoing General and Specific objections, Plaintiff shall produce publically-available docket sheets responsive to Request No. 6 sufficient to demonstrate that Plaintiff has instituted other actions based on photographs he created.

Document Request No. 7: *All documents and/or tangible things concerning settlements and/or other resolutions of claims, suits and/or legal proceedings that Plaintiff, or anyone acting on his behalf, has instituted with respect to either Photograph, both Photographs, or any other photograph owned or controlled by him, other than the instant action, including but not limited to judgments, settlement agreements and stipulations of discontinuance or withdrawal, from January 1, 2015 through the present.*

**Response to Document Request No. 7**: Plaintiff objects to Request No. 7 on grounds that it is unduly burdensome, requests information that is disproportionate to the needs of the case, and not calculated to lead to admissible evidence. Subject to the foregoing General and Specific objections, Plaintiff does not have documents in his possession relating to settlements of claims involving the Photographs at issue. With respect to settlements of claims relating to "any other photograph owned or controlled by him," no further response is required.

Document Request No. 8: *All documents and/or tangible things concerning Plaintiffs allegation that he "photographed American actress and model Emily Ratajkowski" as alleged in Paragraph 7 of the Complaint, including but not limited to all documents and/or*

**EXHIBIT C**                                    8                                    **PAGE 8**

*tangible things concerning how Plaintiff received, obtained, and/or learned of the opportunity to photograph Ms. Ratajkowski.*

**Response to Document Request No. 8**: Plaintiff shall produce non-privileged documents responsive to Request No. 8.

Document Request No. 9: *All documents and/or tangible things concerning Plaintiffs' identification and quantification of "damages" or "actual damages" as alleged in paragraph 17 of the Complaint and paragraph 2 of the Complaint's Prayer for Relief.*

**Response to Document Request No. 9**: Subject to the foregoing general objections, Plaintiff shall produce non-privileged documents responsive to Request No. 9.

LIEBOWITZ LAW FIRM, PLLC

By: /s/richardliebowitz
    Richard P. Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorneys for Plaintiff*
*Steve Sands*

9

**EXHIBIT C**                                **PAGE 9**