

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

October 23, 2018

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:   <u>Sands v. Bauer Media Group USA, LLC,</u> 1:17-cv-9215 (LAK)

Dear Judge Kaplan:

We represent Plaintiff Steve Sands in the above-captioned case and write to respectfully request that the Court <u>lift the stay on the briefing schedule</u> for Plaintiff's motion for summary judgment. Forty (40) days have now passed since the Court suspended the briefing schedule and ordered Defendant Bauer Media Group USA, LLC ("Defendant") to file a motion for a bond.

Yet, Defendant has failed to file any motion in all of that time, showing that its request was a bad faith attempt to delay this proceeding. Defendant stands no chance of prevailing on its fair use defense and thus wants to suspend this matter indefinitely in violation of Rule 1 of the Federal Rules of Civil Procedure which provides that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, <u>speedy</u>, and <u>inexpensive</u> determination of every action and proceeding." Fed.R.Civ.P. 1 (underline added).

On September 7, 2018, after producing 630 pages of documents during discovery (including benchmark licensing fee history), Plaintiff filed his motion for summary judgment against Defendant on liability for copyright infringement. [Dkt. #25] His motion was supported by a 25-page memorandum of law, three sworn declarations plus exhibits, and his Rule 56.1 Statement. Plaintiff's motion was filed in strict compliance with the Court's scheduling order and the parties' stipulation, entered on August 7, 2018 (just one month prior to the filing of Plaintiff's motion for summary judgment). [Dkt. #21]

On September 13, 2018, the Court suspended the briefing schedule so as to allow Defendant to file a cross-motion for a bond to secure costs under L.R. 54.2. [Dkt. #33] Forty days later and no motion has been filed. For the following reasons, Plaintiff respectfully requests that the Court lift the stay on the briefing schedule for summary judgment and order Defendant to file its opposition within 14 days from the date of the proposed order.



**At this Stage of the Proceeding, A Bond Motion is Duplicative and Harassing**

A bond motion is highly duplicative of a summary judgment motion, as it requires the parties to brief the merits of the case. Indeed, the arguments made in opposition to a bond motion would be largely identical to those already briefed in Plaintiff's pending summary judgment motion. There is no rational justification for filing a bond motion in lieu of a summary judgment motion other than to delay adjudication of the merits, increase the costs of litigation, and harass Plaintiff. If Defendant is going to expend resources on filing a bond motion, it might as well just file its own motion for summary judgment to dismiss the case and then seek its fees.

Further, there is a very low probability of success on the proposed bond motion. First, Defendant never served a Rule 68 offer of judgment in this case and thus there are no costs to secure. Second, Defendant cannot show that Steve Sands, a prolific celebrity photographer who resides in this District, is financially incapable of satisfying a judgment. Third, Defendant cannot possibly show that Plaintiff's claim is frivolous or that he has violated any court orders. Defendant's assertion that Plaintiff failed to produce licensing information during discovery is false. Plaintiff produced hundreds of pages of licensing fee information and Defendant never bothered to subpoena the third-party licensing agencies nor did it bother to depose Mr. Sands.

**Defendant's Conduct Was Reckless and, In Any Event, the Fact-Finder Determines Questions of Willfulness / State-of-Mind**

Defendant's contention that this was an "innocent" infringement is meritless. "[A] defendant's actual or constructive knowledge proves willfulness." *Fitzgerald Pub. Co. v. Baylor Pub. Co.*, 807 F.2d 1110, 1115 (2d Cir. 1986); *see also Yurman Design, Inc. v. PAJ, Inc.,* 262 F.3d 101, 112 (2d Cir.2001) ("Willfulness in this context means that the defendant recklessly disregarded the possibility that its conduct represented infringement."). Thus, if Defendant knew or should have known that it was required to obtain a license from the rightful copyright holder, but failed to do so, then the jury can find willful copyright infringement.

This is particularly the case here because Bauer Media is a sophisticated publisher whose primary business is to exploit copyrighted material. *See, e.g., Fallaci v. New Gazette Literary Corp.*, 568 F. Supp. 1172 (2d Cir. 1983) (finding that a newspaper publisher willfully infringed because, as a publisher of a copyrighted newspaper, defendant should have known that its unauthorized reproduction of plaintiff's copyrighted article constituted copyright infringement); *Castle Rock Entertainment v. Carol Pub. Group, Inc.,* 955 F.Supp. 260, 267 (S.D.N.Y. 1997) (finding publisher acted in reckless disregard because it was sophisticated with respect to the publishing industry and copyright laws); *EMI Entertainment World, Inc. v. Karen Records, Inc.*, 806 F.Supp.2d 697, 703 (S.D.N.Y. 2011) (noting that "other courts in this district have inferred willful infringement from a defendant's ownership of copyrights and experience in an industry heavily regulated by copyright law."). Defendant is a sophisticated corporate publisher charged with knowledge of Copyright law. Its failure to obtain authorization for publishing photographs of a celebrity fashion model without any attribution to the rights holder was absolutely reckless.

Moreover, the Supreme Court's holding in *Feltner v. Columbia Pictures Television, Inc.,* 523 U.S. 340, 353, 118 S. Ct. 1279, 1287, 140 L. Ed. 2d 438 (1998) forecloses a district court's summary disposition on the issue of willfulness. This is because "the Seventh Amendment

provides a right to a jury trial <u>on all issues pertinent to an award of statutory damages under § 504(c) of the Copyright Act, including the amount itself</u>." *Feltner*, 523 U.S. at 353 (underline added). Given that the issue of willfulness only relates to the calculation of statutory damages under 17 U.S.C. § 504(c), district courts are bound by the Seventh Amendment to reserve the question for the jury. *Accord Cranston Print Works Co. v. J. Mason Prod.*, No. 96 CIV. 9382 (DLC), 1998 WL 993657, at *6 (S.D.N.Y. July 27, 1998) ("the willfulness of their actions -- <u>which is significant only for the purpose of assessing damages</u> -- is better left for trial.") (underline added); *Silverman v. CBS Inc.*, 632 F. Supp. 1344, 1352 (S.D.N.Y. 1986), *decision supplemented*, 675 F. Supp. 870 (S.D.N.Y. 1988), *aff'd in part, vacated in part*, 870 F.2d 40 (2d Cir. 1989) ("[a]ny determination of 'willfullness' involves the [infringer]'s intent and, as such, is an issue of fact that requires an evidentiary hearing.").

**The Fair Use Defense is Wholly Lacking in Merit (Which Explains Defendant's Delay)**

As set forth in Plaintiff's principal brief in support of summary judgment, the defense of fair use is meritless. The Supreme Court holds that "[t]he promise of copyright would be an empty one if it could be avoided merely by dubbing the infringement a fair use 'news report' of the [work]." *Harper & Row v. Nation Enterprises*, 471 U.S. 539, 557 (1985). Moreover, Defendant's use of photos of a celebrity fashion model to illustrate a news report about that fashion model is wholly untransformative. The law in this Circuit is crystal clear: no transformation exists where the image is merely used as an illustrative aid to depict the subjects described in the news article. *See, e,.g, Barcroft Media, Ltd. v. Coed Media Group, LLC*, No. 16-cv-7634 (JMF), 2017 WL 5032993 (S.D.N.Y. Nov. 2, 2017) (rejecting fair use where defendant's argument, "if accepted, would eliminate copyright protection any time a copyrighted photograph was used in conjunction with a news story about the subject of that photograph."); *BWP Media USA, Inc. v. Gossip Cop Media, LLC*, 196 F.Supp.3d 395, 407 (S.D.N.Y. 2016) (not transformative where the secondary use of "photograph seems intended as a general illustration of the [celebrity] couple"); *Ferdman v. CBS Interactive, Inc.*, No. 17-cv-1317 (PGG), 2018 WL 4572241, at *12 (S.D.N.Y. Sept. 24, 2018) (the "Article involves the use of an image solely to present the content of that image. Such a use is not transformative"); *Psihoyos v. National Examiner*, 1998 WL 336655, *3 (S.D.N.Y. June 22, 1998) (defendant's "use is not transformative, because its piece uses the photo to show what it depicts."). The instant case is <u>not</u> like *Konangataa* or the First Circuit's decision in *Nunez* where there was some public controversy surrounding the very existence of the copyrighted work itself.

Further, with respect to the fourth factor, because Defendant copied full-color, full-scale images <u>in their entirety</u> and did nothing to transform them aesthetically, Plaintiff is entitled to *Sony's* presumption of market harm. *Sony Corp. of America v. Universal City Studios, Inc.*, 464 U.S. 417, 450 (1984) (holding that "every commercial use of copyrighted material is presumptively an unfair exploitation of the monopoly privilege that belongs to the owner of the copyright"); *see also Ferdman,* 2018 WL 4572241, at *19 (applying *Sony*'s presumption of market harm to news reporter's use of Spiderman photographs where the secondary use was non-transformative). Given that the first and fourth factors of the fair use analysis weigh heavily in Plaintiff's favor, the defense collapses.

Liebowitz Law Firm, PLLC

       In sum, there is no justification for further delay. Defendant should be ordered to file its opposition brief to Plaintiff's pending summary judgment motion within 14 days from the date of the proposed order granting Plaintiff's requested relief.

       Respectfully Submitted,

       **/richardpliebowitz/**
       Richard P. Liebowitz

       *Counsel for Plaintiff Steve Sands*