UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

STEVE SANDS,

                Plaintiff,

    - against -

BAUER MEDIA GROUP USA, LLC,

                Defendant.
-----------------------------------------------------------X

Docket No.: 1:17-cv-09215 (LAK)

**DECLARATION OF TERENCE P. KEEGAN IN SUPPORT OF BAUER MEDIA GROUP USA'S MOTION FOR SANCTIONS AND/OR SECURITY FOR COSTS**

TERENCE P. KEEGAN, an attorney admitted to practice law in the State of New York, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an associate with the law firm of Miller Korzenik Sommers Rayman LLP (the "Firm"), attorneys for Defendant Bauer Media Group USA, LLC ("Bauer").

2. I am fully familiar with the facts and circumstances herein, and make this declaration based on my personal knowledge and/or review of the Firm's files, in support of Bauer's motion for sanctions and/or security for costs against Plaintiff Steve Sands ("Sands") in the above-captioned action.

**Initial Requests for Licensing History of the Photographs at Issue**

3. Bauer's counsel has asked Sands' counsel for the licensing history of the two photographs at issue (the "Photos") from the outset of this case.

4. At the parties' initial conference with the Court on February 6, 2018, Sands' counsel represented that Sands had such licensing information for the Photos, and that she would provide it to us without our formally demanding it.

5. The parties also discussed at that conference the need to manage costs of the litigation, including vindication of Bauer's fair use defense; and the prospect of agreeing to written discovery only, on a limited set of issues, in advance of either a trial or summary judgment motion practice.

6. On or about February 20, 2018, I followed up with Sands' counsel by email, asking them to let us know when we could expect to receive the licensing information for the Photos as discussed at the initial conference.

7. On or about February 27, 2018, after Bauer's counsel again asked for the licensing information, Sands' counsel told Bauer's counsel that their client would disclose "evidence of relevant licensing fees" subject to a protective order. Counsel told us that he would send a draft protective order stipulation that week, but did not.

8. On or about March 9, 2018, I received a copy of Plaintiff's Rule 26(a)(1) Initial Disclosures. Those disclosures identified only one individual, "Steve Sands," as likely to have discoverable information "regarding the creation and licensing of copyrighted works at issue." Additionally in that document, Plaintiff identified "Licensing fee history of copyrighted works" as a category of documents and things in his possession, custody or control that may be used to support his claims.

9. To my knowledge, Bauer's counsel never received any supplemental disclosures from Sands.

**Discovery Requests for Licensing History of the Photos**

10. Bauer's counsel requested the Photos' licensing history formally as well, through requests for admission and requests for production of documents.

11. On or about July 9, 2018, I received from Sands' counsel Plaintiff's First Production of Documents, bearing bates stamp numbers SANDS00001-630. Portions of the production were marked "CONFIDENTIAL – Subject to Protective Order," even though no such order had been agreed to or entered. The information therein pertained to photographs from between the years 2004 and 2016 – i.e., prior to the 2017 Photos at issue.

**Disclosure of Licensing Information on Summary Judgment**

12. Discovery closed pursuant to the parties' so-ordered stipulation on August 7, 2018. *See* Dkt. No. 21.

13. In support of Sands' motion for summary judgment, on September 7, 2018, Sands declared that he licensed one or both of the Photos to two stock photography agencies, Getty Images and Matrix Pictures. *See* Dkt. No. 27, ¶¶12-13. To my knowledge, Bauer's counsel had not received any disclosure of this information previously, prior to the close of discovery or otherwise.

14. In support of Sands' motion for summary judgment, on September 7, 2018, Sands exhibited four pages of material bearing bates stamps SANDS_631 through SANDS_634. *See* ECF Dkt. No. 27-3. To my knowledge, Bauer's counsel had not received copies of these documents previously, prior to the close of discovery or otherwise.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Signed this 2nd day of November, 2018.

_____
Terence P. Keegan