UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE SANDS,<br>       Plaintiff,<br><br> - against –<br><br>BAUER MEDIA GROUP, LLC.<br>       Defendant. | 1:17-cv-09215 (LAK)<br><br>**<u>DECLARATION OF<br>STEVE SANDS</u>** |

**STEVE SANDS**, under the penalty of perjury, declares:

 1. I am the plaintiff in this action.

 2. I am over the age of 18 years old and competent to submit this declaration in opposition to Defendant Bauer Media Group, LLC ("Defendant")'s motion for a bond and for discovery sanctions.

 3. I am a professional celebrity photographer and photojournalist who has been in the business of licensing my work for over 30 years.

 4. I am a natural born United States citizen.

 5. I have been a resident of New York City for over 61 years.

 6. I currently reside at 56 Grand St. Apt. J903, New York, NY 10002, less than one mile from the United States Courthouse where this action is pending.

 7. All my personal assets and bank accounts are located within this District.

 8. I have settled more than 45 copyright infringement actions in this District in over the last two years. I have filed a lot of cases because publishers keep stealing my work and exploiting it without my permission and without paying my fees. This is what I do for a living: take celebrity photographs. If Defendant wants to display my work for profit on its commercial

website, it needs to ask for my authorization and it needs to pay for it.  Of course, Defendant knows that because it routinely licenses photographs from me in its ordinary course of business.

9. I have never lost an infringement case, I have never been sanctioned, and I have never had to pay a defendant their fees or costs.  I have never been ordered to post a bond.

10. No court presiding over a copyright dispute has ever determined that I violated a court order.  I have not violated any of the Court's orders in this action.

11. In response to Defendant's request for the production of documents in this action, I diligently searched my records and archives and produced any and all documents in my possession that were responsive to such requests.  If I did not produce documents, it's because I did not have them.

12. On or about July 9, 2018, I produced 630 pages of documents to Defendant, most of which show my licensing fee history.

13. Attached as Exhibit A is a true and correct copy of my contract with People Magazine, dated May 15, 2004, showing that I earned $125,000 in connection with the licensing of celebrity images from a single photoshoot.

14. Attached as Exhibit B are true and correct copies of statements issued by Getty Images, a third-party stock photography agency, showing that I routinely licensed other photographs of Emily Ratajkowski to media organizations for a fee.  Indeed, Defendant in this action previously licensed photographs of Ms. Ratajkowski from me on November 30, 2015, showing that they knew they needed a license to display photographs of Ratajkowski on its commercial website.  *See* Ex. B – SANDS0365

15. Attached as Exhibit C are true and correct copies of statements issued by Getty Images showing that I routinely licensed celebrity photographs to Defendant Bauer Media prior to its infringement of the Photographs in this case.  This shows, again, that Bauer actively seeks

authorization from photographers before displaying celebrity images on its website or in its magazines.

16. Attached as <u>Exhibit D</u> are true and correct copies of licensing transactions between me and Defendant Bauer for use of my celebrity photographs. This shows that Bauer not only licensed my photographs through stock photography agencies, but that Bauer also contacted me *directly* to negotiate licensing fees for my celebrity images. Once again, these transactions took place before Bauer infringed the copyrights in this case, showing that it knew a license had to be secured before displaying the Photographs on its website, but failed to do so in this case.

17. I do not have any Getty Images statements for 2017 because Getty de-activated my account.

18. Attached as <u>Exhibit E</u> are true and correct copies of screenshots from the website of Matrix Media Group in the U.K., a stock photography agency ("Matrix"), bearing bate-stamp no. SANDS00631-634 (the "Matrix Documents"). The Matrix Documents show that at least one of the Photographs at issue in this case, of Ms. Ratajkowski walking her dog, was available for license before Bauer infringed the work.

19. On or about September 5, 2018, I learned that one of the Photographs at issue in this lawsuit was licensed to Matrix. I authorized my counsel to file the Matrix Documents as part of my declaration in support of summary judgment because I seek adjudication on the merits and believe that where piracy of intellectual property is involved, the Truth should prevail. And the Truth is that my Photographs of Emily Ratajkowski were available to be licensed, as well as many others like it, before Bauer infringed my copyrights in this case.

20. Defendant has known all along that I make a living by licensing my photographs, given that it has routinely licensed celebrity photographs from me for the last five years, so

Bauer cannot claim surprise or prejudice by the submission to the Court of the Matrix Documents.

Dated: New York, New York

Executed this 30th Day of November, 2018

_____
**STEVE SANDS**