

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

December 14, 2018

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re:     *Sands v. Bauer Media Group USA, LLC,* 1:17-cv-9215 (LAK)

Dear Judge Kaplan:

    We represent Plaintiff Steve Sands ("Plaintiff") in the above-captioned case and write to notify the Court of two substantive orders, one by Chief Judge McMahon and the other by Judge Woods, which were entered on December 10, 2018 (after the date when Plaintiff's opposition brief to Defendant's motion for a $50,000 bond was filed).

    By way of background, Defendant Bauer Media seeks an order requiring Plaintiff to post a $50,000 bond on grounds that Defendant is likely to be awarded its attorneys' fees under 17 U.S.C. § 505 because its unauthorized, commercial re-publication of two celebrity photographs constitutes fair use under 17 U.S.C. § 107.

    In *Otto v. Hearst Communications, Inc.*, 17-cv-4712 (GHW), where Hearst expropriated a photograph from Instagram and re-published it in a news article without first obtaining permission from the photographer, Judge Woods rejected the fair use defense and found Hearst liable for copyright infringement.  Judge Woods noted:

> **"Stealing a copyrighted photograph to illustrate a news article, without adding new understanding or meaning to the work, does not transform its purpose—regardless of whether that photograph was created for commercial or personal use . . ."**

> **"It would be antithetical to the purposes of copyright protection to allow media companies to steal personal images and benefit from the fair use defense by simply inserting the photo in an article which only recites factual information—much of which can be gleaned from the photograph itself."**

    The district court also rejected Hearst's defenses of waiver and consent (the same defenses made by Bauer here).  A copy of Judge Woods' Order is attached as <u>Exhibit A</u> hereto.





Similarly, in *Hirsch v. Complex Media, Inc.,* 18-cv-5488 (CM), Chief Judge McMahon denied the defendant's motion to dismiss the complaint on fair use.  The Chief Judge noted:

> **Complex misunderstands the nature of the transformative effect inquiry. Section 107 provides that the display of a copyrighted image may be transformative "where the use serves to illustrative criticism, commentary, or a news story about that work."** ***Barcroft Media, Ltd. v. Coed Media Grp., LLC*, 297 F. Supp. 3d 339,352 (S.D.N.Y. 2017) (citing 17 U.S.C. § 107) (emphasis in original). It does not apply where images are used simply as "illustrative aids" depicting the subjects described in a news article. Id.; see also *BWP Media USA, Inc. v. Gossip Cop Media, Inc.*, 196 F. Supp. 3d 395, 404-05 (S.D.N.Y. 2016). Complex has not established that its Video did anything more than merely describe the subject of Hirsch's Photograph, newsworthy or not. That conduct alone does not suffice as transformative. "Newsworthy contents will rarely justify unlicensed reproduction; were it otherwise, photojournalists would be unable to license photos, and would effectively be out of a job." *BWP Media USA*, 196 F. Supp. 3d at 406 n.6.**

A copy of Chief Judge McMahon's Order is attached as <u>Exhibit B</u> hereto.

Notably, Plaintiff's counsel represented both Otto and Hirsch and cited many of the same cases that were cited in Sands' principal brief in support of his motion for summary judgment. [Dkt. #26]  In the case at bar, Bauer's infringing conduct is just like that of Hearst and Complex. Stealing photographs from Instagram to illustrate a commercial news report about the subject matter of the image is not fair use.  Given that Bauer stands virtually no chance of success on the issue of liability, there is no need to require a bond.  Indeed, it is far more likely that Bauer will be paying Sands' attorneys' fees once this action has been resolved on the merits.

Respectfully Submitted,

**/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Steve Sands*