UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

| | |
|---|---|
| STEVE SANDS, | Docket No.: 1:17-cv-09215 (LAK) |
| Plaintiff, | |
| | **REPLY DECLARATION OF TERENCE P. KEEGAN IN FURTHER SUPPORT OF BAUER MEDIA GROUP USA'S MOTION FOR SANCTIONS AND/OR SECURITY FOR COSTS** |
| - against - | |
| BAUER MEDIA GROUP USA, LLC, | |
| Defendant. | |

--------------------------------------------------------X

TERENCE P. KEEGAN, an attorney admitted to practice law in the State of New York, pursuant to 28 U.S.C. § 1746, declares as follows:

1.      I am an associate with the law firm of Miller Korzenik Sommers Rayman LLP (the "Firm"), attorneys for Defendant Bauer Media Group USA, LLC ("Bauer").

2.      I am fully familiar with the facts and circumstances herein, and make this declaration based on my personal knowledge and/or review of the Firm's files, in further support of Bauer's motion for sanctions and/or security for costs against Plaintiff Steve Sands ("Sands") in the above-captioned action.

3.      On the afternoon of December 6, 2018, I received an email from Sands' counsel with the subject line, "Sands v. Bauer Media: Plaintiff's Supplemental Production of Documents" (the "Supplemental Production Email"), purporting to comply with "Plaintiff's continuing obligation to produce documents responsive to Defendant's requests throughout the pendency of litigation" (citations omitted). A true and correct copy of that email is attached as **Exhibit A**.

1

4. The Supplemental Production Email included an attachment with 226 pages of documents that had not been previously disclosed by Sands to Bauer. Some of these documents appear to contain licensing records for the two photographs at issue in this case – information that Bauer's counsel had repeatedly asked for, but had never received in the year-long history of this litigation.

5. I am not submitting relevant excerpts from these documents because the pages are marked, "CONFIDENTIAL - Subject to Protective Order," despite the fact that no protective order was ever drafted or agreed to in this case.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Signed this 14th day of December, 2018.

_____
**Terence P. Keegan**