# MILLER KORZENIK SOMMERS RAYMAN LLP

THE PARAMOUNT BUILDING • 1501 BROADWAY. SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

December 18, 2018

*Via ECF*

Hon. Lewis A. Kaplan, U.S.D.J.
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007-1312

Re:   ***Sands v. Bauer Media Group USA, LLC***, No. 1:17-cv-9215
      **Response in Opposition to [50] Plaintiff's Letter Motion for Leave to**
      **File Sur-Reply**

Dear Judge Kaplan:

On behalf of Bauer Media Group USA, LLC ("Bauer"), we oppose the request submitted by Plaintiff Steve Sands ("Sands") for leave to file a sur-reply in further opposition to Bauer's motion for sanctions and/or security for costs.

Sands' bad faith in prosecuting this case against Bauer was hardly a new argument in Bauer's reply papers. By promising to disclose licensing information for the two Photos at issue at the outset of the case, then withholding that information during discovery, then attempting to reveal some of that key information only in support of his motion for summary judgment one month after the previously stipulated discovery end date (Dkt. #21), Sands and his counsel have displayed a "flagrant bad faith and a callous disregard for the rules." *See* Bauer's moving memorandum (Dkt. #40), at 8 (citation omitted).

Sands' belated production on December 6 of even more crucial licensing information for the Photos – on the eve of Bauer's previously stipulated reply deadline, nearly one year after counsel for Bauer appeared in this case (Dkt. ##5-6), and four months after fact discovery closed – merely put an exclamation point on Bauer's original "bad faith" grounds for sanctions. *See* reply memorandum of law (Dkt. #49), at 1-2.

We cannot see how any further attempt by Sands to "explain" his belated production (Dkt. #50), beyond the "continuing obligation" his counsel acknowledged for the first time on December 6 (Dkt. #48-1), is going to change the picture here.

Sands' counsel Richard Liebowitz does not dispute the significance of these documents in his letter. And he offers no reason why he needs five pages to "explain"

1

the circumstances. Dkt. #50. Instead he claims that Bauer "suffers no prejudice" from the belated production since, for one, "it had no intent of taking Sands' deposition." *Id.*

However, at a February 2018 initial conference that it is now clear Mr. Liebowitz should have attended himself, one of Mr. Liebowitz's associates promised the very licensing information Sands has only now produced. On that associate's representations, and as Bauer discussed with the Court at that conference, Bauer expected it could vindicate its defenses on limited written discovery and summary judgment motion practice. Another attorney associated with Mr. Liebowitz's firm agreed to such a *written* discovery schedule with Bauer's counsel several times. Dkt. ##16-21. The "disregard" for the case management plan that the parties reached and the Court so-ordered is stunning, to say nothing of the "disregard" for the costs Bauer has continued to incur over Sands' post-discovery revelations.

Respectfully submitted,

/s/ Terence P. Keegan

Terence P. Keegan
David S. Korzenik

cc:    Counsel of Record via ECF