UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVE SANDS,

                Plaintiff,

- against -

BAUER MEDIA GROUP, INC.

                Defendant.

Case No. 17-cv-09215 (LAK)

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR RECONSIDERATION OR REARGUMENT PURSUANT TO LOCAL RULE 6.3**

Pursuant to Local Civil Rule 6.3 of the Federal Rules of Civil Procedure, Plaintiff Steve Sands ("Plaintiff" or "Sands"), via counsel, respectfully submits this memorandum of law in support of Plaintiff's Motion for Reconsideration or Reargument of the District Court's Order, dated September 18, 2019, which imposed upon Plaintiff's counsel the obligation to pay defendant Bauer Media Group, LLC's attorneys' fees in connection with litigating its baseless motion for discovery sanctions.

## **LEGAL STANDARD**

A party seeking reconsideration or reargument pursuant to Local Civil Rule 6.3 must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *See Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (to prevail on a motion for reconsideration, the movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."). In the alternative, the movant must "demonstrate the need to correct a clear error or prevent manifest injustice." *Sanofi-Synthelabo v. Apotex, Inc.,* 363 F. Supp. 2d 592, 594 (S.D.N.Y. 2005).

## **ARGUMENT**

### **THE COURT HAS OVERLOOKED THAT, AS A MATTER OF LAW, BAUER WAIVED ANY DISCOVERY DISPUTE AND HAS NOT BEEN PREJUDICED**

In Point VII.A of his opposition to Defendant's motion to sanctions, Plaintiff argued that Defendant waived any discovery dispute relating to Sands' licensing fee history by failing to

raise any dispute during the discovery period. [Dkt. #43, p. 28][1] There is no good reason why Defendant should be entitled to profit from its own neglect by failing to raise a timely dispute.

First, the idea that Defendant was somehow left in the dark about Sands' domestic licensing fee history via Getty Images ("Getty") is not supported by the uncontroverted evidence. During the discovery period, Plaintiff produced *hundreds* of pages of statements issued by Getty which placed Bauer on inquiry notice that Sands licensed through Getty in his ordinary course of business. [Sands Declr. , Exs. B-C] Indeed, Bauer knew all along that Sands licensed his work through Getty because <u>Bauer itself has licensed photographs from Sands via Getty before this lawsuit was even filed</u>. [Dkt # 43, p. 31; see also Sands Declr. ¶ 15, Ex. C] The Court has plainly overlooked these facts; thereby supporting reconsideration.

Second, Bauer never served any interrogatories, never deposed Sands and never raised a discovery dispute of any kind during the discovery period. It never even bothered to send a deficiency letter. It just sat back during discovery and did nothing. So the Court's conclusion that Bauer was somehow prejudiced by Plaintiff's delayed production of the Matrix and Getty documents is not supported by the record evidence. There is no basis to conclude that Bauer would conduct any discovery moving forward concerning Getty if it failed to do so in the first

---

[1] *See, e.g., Atkins v. Sunbelt Rentals, Inc.*, No. PWG-14-1717, 2015 WL 13612030, at *4 (D. Md. Sept. 7, 2015) ("failure to raise in a timely fashion a discovery dispute may constitute a waiver"); *Lochridge v. Lindsey Mgmt. Co.*, No. 12-5047, 2014 WL 11975055, at *6 (W.D. Ark. Sept. 9, 2014) ("this motion in limine attempts to revive a discovery dispute that was waived by the failure to timely raise it"); *Kinnally v. Rogers Corp.,* No. CV-06-2704-PHX-JAT, 2008 WL 4850116, at *4 (D. Ariz. Nov. 7, 2008) ("Any issue that could be considered a discovery dispute and that the party could have brought to the Court's attention during the allowable discovery period must be viewed, after the close of discovery, as an untimely discovery dispute."); *McDonough v. Horizon Blue Cross Blue Shield of New Jersey, Inc.*, No. CV 09-571 (SRC) (PS), 2011 WL 13238414, at *2 (D.N.J. Nov. 7, 2011) ("[party's] failure to bring the subject discovery dispute to the Court's attention within the ample discovery period afforded to the parties stemmed from a lack of sufficient diligence in [that party's] pursuit of her document request.").

instance. And having failed to take any discovery vis-a-vis Getty, there is similarly no basis to conclude that it would conduct any discovery vis-à-vis Matrix if granted the opportunity.

Third, before moving the Court for sanctions, Bauer knew that Sands routinely licensed his celebrity images in the ordinary course of business. There were hundreds of pages of documents produced during discovery to substantiate that fact and, Bauer, as Sands' former customer, knew it. Based on these aforementioned facts, which are not disputed, there is no reasonable basis upon which the Court may conclude that Bauer suffered any prejudice or harm as result of the additional production of documents made on Sands' summary judgment motion.

Fourth, monetary sanctions are not warranted because Sands has suffered a one-year delay, if not more, on account of his delayed production of documents. This delay has benefitted Bauer, who has conveniently deferred a judgment of liability and corresponding payment of damages and attorneys' fees to Sands. Having already benefitted from Sands' harmless mistake, there is no basis to reward Bauer further with monetary relief. For that reason, the Court's award of attorneys' fees to Bauer should be vacated.

## CONCLUSION

Based on the foregoing, the Court should grant Plaintiff's motion for reconsideration and vacate its Order to the extent it requires Plaintiff's counsel to pay Bauer's attorneys' fees in connection with its motion for discovery sanctions.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/richardliebowitz/**
Richard Liebowitz, Esq.

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580

*Counsel for Plaintiff Steve Sands*