UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

STEVE SANDS,                                                   No.: 1:17-cv-09215 (LAK)

        Plaintiff,                                        **DECLARATION OF DAVID S. KORZENIK IN SUPPORT OF BAUER MEDIA GROUP USA, LLC'S AWARD OF ATTORNEY'S FEES & IN SUPPORT OF ORDER REQUIRING SECURITY FOR COSTS**

   - against -

BAUER MEDIA GROUP USA, LLC,

        Defendant.
--------------------------------------------------------X

    **David S. Korzenik**, an attorney admitted to practice law in the State of New York, declares pursuant to 28 U.S.C. § 1746 as follows:

    1.    I am a partner at the firm Miller Korzenik Sommers Rayman LLP, counsel for Defendant Bauer Media Group USA, LLC ("Bauer").  By its September 18, 2019 Memorandum Opinion, *see* Dkt. 56, at 9-15, this Court granted Bauer's Motion for Sanctions and granted Bauer reasonable attorneys' fees which it incurred in making and litigating its Motion for Sanctions and/or Security for Costs ("Motion for Sanctions").  *See* Dkt. 38; *see also* Fed. R. Civ. P. 26.  The Court granted us until October 16, 2019 to submit our relevant time charges.  *See* Dkts. 61; 62.  I make this Declaration in support of Bauer's award of such reasonable attorneys' fees, and in support of an order requiring Plaintiff Steve Sands ("Sands") to post a bond or other sufficient security in the amount of $50,000 for Bauer's costs and attorneys' fees in this action.

    2.    Prior to filing its Motion for Sanctions, Bauer had requested a Rule 16 conference and a stay of the summary judgment briefing schedule. We did so on the grounds of Sands'

failure to follow in good faith the case management and discovery plan agreed to by the parties at the initial conference.  See Dkts. 23; 33.  During discovery as well, Sands failed to produce any evidence of ever having licensed either photo at issue in this litigation.  See Dkt. 23.

3. Literally on the eve of Bauer's deadline to file its reply papers, three months after Sands filed his motion for summary judgment (*see* Dkt. 25) and four months after the close of fact discovery (*see* Dkt. 21), Sands' counsel emailed Bauer 226 pages of documents that they had never produced to us previously.  See Dkt. 45.  The December 6, 2018 document dump revealed that licenses for the photos at issue did not even approach the six-figure sum Sands touted in opposition to Bauer's Motion for Sanctions.  See Dkt. 44 at ¶13, Declaration of Steve Sands.  Had Sands produced this material when his counsel first promised it at the initial conference in February 2018, it would have guided the way our firm managed and litigated this case from the outset.  See Dkt. 49.  Regardless, combined with the disclosures Sands made for the first time in his motion for partial summary judgment, the document dump raises new facts that would require third-party discovery from Getty Images and Matrix Pictures – if not further written and/or oral discovery from Sands – to resolve.  See also Dkt. 56, at 14.

4. In litigating the Motion for Sanctions, my firm has incurred in excess of $38,080 in attorneys' fees which were billed to and paid by Bauer through February 27, 2019.

5a. ***Fees on Bauer's Motion for Sanctions***.  Attached to this Declaration as **Exhibit A** are true and correct copies of my firm's matter invoice and payment summaries from September 4, 2018 up to and including December 20, 2018.  The matter invoice and payment summaries are redacted to exclude private, attorney-client, and otherwise privileged information.  They have also been redacted to exclude time spent on tasks not related to making and litigating the Motion for Sanctions.

5b. ***Fees in Case to Date & Prospective Impact of Case Continuing***. Bauer has already incurred fees well in excess of $50,000 litigating this case to date. The additional expense of reopening discovery and briefing subsequent motions would very likely cost in the range of $40,000 to $60,000.

6. ***Rates***. During the course of briefing the Motion for Sanctions, my firm and I have, by agreement, billed Bauer at rates of $450 per hour for partners including myself, and $300 to $350 per hour for associates. Those rates remained constant throughout the pendency of the motion sequence. I am informed that these rates are more than reasonable for defending a copyright infringement case in this District, where attorneys with a similar level of experience customarily charge rates of $600 per hour or more.

7. I believe the fees my firm has billed Bauer are reasonable – indeed, well below prevailing market rates for the specialized legal services we supplied – especially given my firm's particular focus in copyright, media defense and First Amendment law, its experience in litigation and trial advocacy in this District and in the Second and Ninth Circuits.

8. My partner Jeffrey Craig Miller and I founded the firm in 1986. Over the last 30 years I have defended book, magazine, and online publishers, broadcasters, news organizations and human rights organizations from claims directed at the content of their publications such as libel, privacy, copyright, trademark and news gathering torts. I have also advised media entities on non-litigation matters including proper and non-overreaching copyright protection, and the usage and licensing of copyrighted or other legally protected materials.

9. Prior to being admitted to practice law in the State of New York, I received an AB Degree from Harvard University in 1972, an MA from Columbia University in Philosophy in

1976, and a Juris Doctorate in 1979 from the Benjamin N. Cardozo School of Law, where I served as Articles Editor for the *Law Review*.

10. I also served as an adjunct professor at the Benjamin N. Cardozo School of Law for 23 years, teaching media, entertainment law, and advanced copyright. I previously taught as an adjunct faculty member at the Columbia University School of Business. I am an active member of the Media Law Resource Center and the Copyright Society of the USA, and have previously chaired the International Media Law Committee of the Magazine Publishers of America. I have authored works including the following:

> *Press Freedom in the Balance: A Comparative Explanation and Critique of ECHR's Developing Case Law on Privacy and Libel*, published in "Publishing in the Global Environment – Developments in European and American Media Law," Media Law Resource Center, London Conference, 2007.
>
> *An American Lawyer's Comparative Introduction to the Developing Law of the European Court of Human Rights in Libel and Privacy Cases*, published in "International Media Liability." Media Law Resource Center, 2003.
>
> *Libel and Privacy Suits against U.S. Media in Foreign Courts*, published in "Print and Electronics Publishing: Legal and Business Issues," Practicing Law Institute, 1997 and 1998.
>
> *Moral Rights of Authors and Artists under U.S. and International Copyright Law*, published in "Entertainment Industry Contracts" treatise, Matthew Bender & Co., 1996.
>
> *Reflections on the MLRC London Conference since 1998 and Comparison of the Underlying Philosophical Differences between U.S., U.K. and ECHR Law of Freedom of Expression.* Media Law Resource Center, 2019 London Conference Paper.

I have organized and spoken at many seminars and academic programs on copyright, First Amendment, and media law, among them a 2013 Practising Law Institute program on copyright and fair use.

11. In defending Bauer against Sands' copyright claims, my firm has been able to draw upon its up to date and active knowledge of statutory and case law, treatises, and other

4

authorities in the field of copyright; its filings and experience from previous matters for other clients, and its filings and experience from previous litigation matters in this District – all of which represented savings to our locally-based client.

12. My firm is comprised of four partners and two associates. As our time summaries in Exhibit A indicate, I have endeavored to delegate tasks in this matter to my firm's associates. Terence P. Keegan is an associate who has advised clients on media and intellectual property litigation matters at our firm since February 2014. Zachary M. Press, who also focuses on media and intellectual property litigation, joined the firm in August 2018 as an associate. As a result, the vast majority of hours spent on this matter by my firm have not been by partners. This represented further savings to Bauer.

13. The time summaries in Exhibit A show how the Motion for Sanctions in this case often occupied a significant amount of our attorneys' days, and pressed my firm off other matters and clients. The defense of Bauer on this Motion for Sanctions was taxing for us in the time that it demanded, but engaged issues with which we had much familiarity and experience.

14. Using these apportionments, the total fees and expenses sought for my work are $1,485 for 3.3 hours billed; for Terence Keegan's work, $17,815 for 50.9 hours billed; and for Zachary Press' work, $18,780 for 62.6 hours billed.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Signed this 16th day of October, 2019.

_____
David S. Korzenik