**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------X

STEVE SANDS,                                            No.: 1:17-cv-09215 (LAK)

       Plaintiff,

- against -

BAUER MEDIA GROUP USA, LLC,

       Defendant.
---------------------------------------------------------X

## MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SHOW-CAUSE RESPONSE REGARDING SECURITY FOR COSTS

 

MILLER KORZENIK SOMMERS RAYMAN LLP
David S. Korzenik
Terence P. Keegan
Zachary M. Press
The Paramount Building
1501 Broadway, Suite 2015
New York, New York 10036
Tel (212) 752-9200
dkorzenik@mkslex.com
tkeegan@mkslex.com
zpress@mkslex.com
*Attorneys for Defendant Bauer Media Group USA, LLC*

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S SHOW-CAUSE
RESPONSE REGARDING SECURITY FOR COSTS**

Steve Sands is the Liebowitz Law Firm's flagship plaintiff.  Together they have commenced 66 copyright infringement actions since early 2016.  As the Court's compendium of Richard Liebowitz cases shows, more than 50 of those actions have been commenced in this District.  *See* Dkt. 57.  Sands filed two new complaints with the firm just last week.  *See Sands v. Vix, Inc.*, No. 19-cv-09370-ALC (S.D.N.Y. Oct. 9, 2019); *Sands v. BH Media Grp., Inc.*, No. 19-cv-00442 (D. Neb. Oct. 9, 2019).

Yet when it comes to pursuing his case against Bauer, incredibly, Sands has chosen to continue the "slap dash approach" for which the Court sanctioned his counsel just four weeks ago.  Dkt. 56, at 11.  He has *not* shown cause, as ordered by the Court in light of its September 18, 2019 opinion, why he should not have to post security as a condition for proceeding with this action.  *Id.* at 15.  Instead, Sands has simply resubmitted his old brief, in opposition to the show-cause order, from eleven months ago.  *Compare* Dkt. 43, *with* Dkt. 58.  The re-posted version of Sands' memorandum adds a single-sentence reference to the September 18 show-cause order in its procedural background.  *See* Dkt. 58, at 10.  But Sands fails to discuss, or even acknowledge, that the Court premised the show-cause order in part on its conclusion that Sands and his counsel had "violated their obligations under [Fed. R. Civ. P.] 26(a)."  *See* Dkt. 56, at 7 & n.13, 10.

Sands' November 2018 declaration statement that "No court presiding over a copyright dispute has ever determined that I violated a court order" (Dkt. 44, at 2 ¶10) – and his statement that he has "not violated any of the Court's orders in this action" (*id.*) – are thus no longer true.  *See* Dkt. 56, at 7 & n.13, 10; Dkt. 58, at 30.  And entire pages of Sands' 2018 memorandum are thus no longer viable.  *See, e.g.*, Dkt. 58, at 28-33 (Pt. V).  Yet Sands offers no supplement or qualification for any of his resubmitted 2018 statements.

Sands has effectively defaulted on the Court's show-cause order, and for that reason alone, the Court should require Sands to post a $50,000 security for Bauer's costs before proceeding with this case. *See* Dkt. 56, at 15. The bond Bauer sought last year (*see* Dkt. 40, at 15-21; Dkt. 49, at 9-10) is all the more appropriate now, as the several relevant factors Bauer originally highlighted now weigh even more heavily in its favor. *See* Dkt. 40, at 15-16, 20-21; *see generally Cruz v. American Broadcasting Cos., Inc.*, No. 17-cv-8794-LAK, 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) (Kaplan, J.). We quickly review those factors below.

***Heightened Importance of Expected Legal Costs and Noncompliance With Court Orders***. Courts considering a bond requirement in cases that are part of the Liebowitz Law Firm's "downpour" (Dkt. 56, at 2) have frequently focused on the legal costs expected to be incurred, and the plaintiff's compliance with past court orders. *Accord Rice v. Musee Lingerie, LLC*, No. 18-cv-9130 (AJN), 2019 WL 2865210, at *2 (S.D.N.Y. July 3, 2019). Both now carry heightened importance here.

Bauer has already incurred attorneys' fees well in excess of $50,000 litigating this case. *See* Declaration of David S. Korzenik dated October 16, 2019 ("Korzenik Decl."), at ¶5b. It now faces the prospect of having to reopen discovery from Sands as well as two nonparty photo licensing agencies, one of which is based in the United Kingdom. *See* Dkt. 56, at 14. Such document discovery and/or depositions, followed by subsequent motion practice, will likely cost Bauer another $40,000 to $60,000. Korzenik Decl., at ¶5b.

Additionally, the Court found just four weeks ago that *both* Sands and his counsel violated their Fed. R. Civ. P. 26(a) discovery obligations – failing to make disclosures that the Court had directed the parties to produce by March 2018. *See* Dkt. 56, at 7, 10. Now, Sands and his counsel have flouted the Court's show-cause order by submitting a stale memorandum.

2

*Compare* Dkt. 58, *with* Dkt. 43.  The "growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz" also justifies concern that Sands, through his longtime counsel, will continue to disregard Court orders as this case continues.  *See* Dkt. 56, at 3 n.3, *citing Rice v. NBCUniversal Media, LLC*, No. 19-cv-447 (JMF), 2019 WL 3000808 (S.D.N.Y. July 10, 2019); *see also Rice v. Musee Lingerie, LLC*, 2019 WL 2865210, at *3 ("Defendant here has a justified concern that Plaintiff, through his counsel, will evade court orders, or not proceed with this litigation prudently.").

      ***Heightened Importance of Questionable Merits.***  Finally, in wake of the Court's September opinion, the questionable merits to Sands' case further show why a bond is warranted. *See Cruz*, 2017 WL 5665657, at *1; *Selletti v. Carey*, 173 F.R.D. 96, 102 (S.D.N.Y. 1997), *aff'd*, 173 F.3d 94 (2d Cir. 1999).  Sands continues to ignore that "[r]easonable triers of fact reasonably could conclude that the events depicted in the video and in Mr. Sands' images, and the use to which images of those events was being put, were newsworthy."  *See* Dkt. 56, at 6; *see also Cruz*, 2017 WL 5665657, at *2 ("a use squarely within the perambulatory portion of Section 107 of the Copyright Act – namely, 'criticism, comment, [or] news reporting' – goes at least part of the distance toward a conclusion of fair use") (citation omitted).  Furthermore, Sands' continued pursuit of damages for *willful* copyright infringement – despite the FHM.com article's express belief that the uncredited Photos at issue "were a part" of Emily Ratajkowski's "commercial for DKNY" (Dkt. 40, at 7; Dkt. 10-1, at 2) – underscores how Bauer is likely to be the "prevailing party" on more than one significant issue that Sands still intends to litigate.  *See* 17 U.S.C. § 505.

      In *Screenlife Establishment v. Tower Video*, Inc., 868 F. Supp. 47 (S.D.N.Y. 1994), then-District Judge Sotomayor awarded defendants such "prevailing party" costs, including attorneys' fees – even though the copyright infringement plaintiff had "secured a permanent injunction, the

3

return of [defendants'] unsold copies and an offer of defendants' profits and plaintiff's costs." *Id.* at 52.  Specifically, Judge Sotomayor found the plaintiff's pursuit of an actual damages claim objectively unreasonable.  *Id.*  Similarly here, fair use aside, Sands has come forward with no facts showing why he is likely to prevail on his claim for willful copyright infringement damages – nor actual damages, which Sands still seeks in the alternative, despite all of his failures to produce the Photos' licensing history (*see* Dkt. 56, at 7).  A bond is justified where Bauer likely will be entitled to costs as the "prevailing party" under the Copyright Act.  *See, e.g.*, *Leibowitz v. Galore Media, Inc.*, 2018 WL 4519208, at *2 (S.D.N.Y. Sept. 20, 2018).

## CONCLUSION

The Court should deem Sands to have defaulted on the show-cause order, and require Sands to post a $50,000 security before proceeding with this action.

Dated: October 16, 2019  
      New York, New York

Respectfully submitted,

MILLER KORZENIK SOMMERS RAYMAN LLP  
/s/ Terence P. Keegan  
Terence P. Keegan  
Zachary M. Press  
David S. Korzenik  
1501 Broadway, Suite 2015  
New York, New York 10036  
Tel: (212) 752-9200  
tkeegan@mkslex.com  
zpress@mkslex.com  
dkorzenik@mkslex.com  
*Attorneys for Bauer Media Group USA, LLC*