UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
STEVE SANDS,

                            Plaintiff,

                 -against-                                    17-cv-9215 (LAK)

BAUER MEDIA GROUP USA, LLC,

                            Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM OPINION

Appearances:

                    Richard Liebowitz
                    Yekaterina Tsyvkin
                    LIEBOWITZ LAW FIRM PLLC
                    *Attorneys for Plaintiff*

                    Terence P. Keegan
                    David S. Korzenik
                    MILLER KORZENIK SOMMERS RAYMAN LLP
                    *Attorneys for Defendant*

LEWIS A. KAPLAN, *District Judge.*

        On September 18, 2019, I issued a memorandum opinion that, among other things,

granted defendant Bauer Media Group USA, LLC's motion for sanctions [DI-38] against plaintiff

Steve Sands and his counsel, Richard Liebowitz, "to the extent that . . . plaintiff shall show cause,

on or before October 2, 2019, why the Court should not condition plaintiff's ability to proceed with

this action on the posting of a bond or other sufficient security in the amount of $50,000 for costs and attorney's fees in this action."[1] The parties have briefed the issue, and it is now ripe for decision.

*Discussion*

Local Civil Rule 54.2 provides:

"The Court, on motion or on its own initiative, may order any party to file an original bond for costs or additional security for costs in such an amount and so conditioned as it may designate. For failure to comply with the order the Court may make such orders in regard to noncompliance as are just, and among others the following: an order striking out pleadings or staying further proceedings until the bond is filed or dismissing the action or rendering a judgment by default against the non-complying party."

The "costs" for which courts may require a security include the reasonable attorneys' fees available to a prevailing defendant under Section 505 of the Copyright Act.[2] "Factors generally considered [in determining whether to require security for costs] include: [1] the financial condition and ability to pay of the party at issue; [2] whether that party is a non-resident or foreign corporation; [3] the merits of the underlying claims; [4] the extent and scope of discovery; [5] the legal costs expected to be incurred; and [6] compliance with past court orders."[3] In copyright cases, courts rely

---

[1]     Memorandum Opinion 15 [DI-56].

[2]     *See Cruz v. Am. Broad. Companies, Inc.*, No. 17-CV-8794 (LAK), 2017 WL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017) (citing *Selletti v. Carey*, 173 F.R.D. 96, 100 (S.D.N.Y. 1997) (Chin, *J.*), *aff'd*, 173 F.3d 104 (2d Cir. 1999)); *see also* 17 U.S.C. § 505.

[3]     *Id.* (quoting *Selletti*, 173 F.R.D. at 100-01); *see also, e.g., Mango v. Democracy Now! Prods., Inc.*, No. 18CV10588 (DLC), 2019 WL 3325842, at *2 (S.D.N.Y. July 24, 2019) (same); *Rice v. Musee Lingerie, LLC*, No. 18-CV-9130 (AJN), 2019 WL 2865210, at *1 (S.D.N.Y. July 3, 2019) (same).

frequently on the fifth and sixth factors, at times to the exclusion of the other four.[4] "Security often has been required where the merits of a plaintiff's case are questionable and there is doubt as to the [plaintiff's] ability to satisfy any costs judgment that ultimately may be imposed."[5]

Factor one points in neither direction, as the parties have not presented information on Sands's financial condition or ability to pay. Factor two points in favor of Sands because he is a U.S. citizen. Although I need not look to the merits of Sands's claim, as factor three invites me to do, I note that his discovery violation has obscured important facts and impeded thereby my ability to assess the merits. Moreover, at this time it appears that Bauer has a reasonable likelihood of success on his fair use defense. Factor four points against Sands, as his discovery violation has created the need for additional discovery and, therefore, additional costs for Bauer. Defense counsel estimates, and I have no reason to doubt, that the additional attorneys' fees to be incurred as a result of the reopened discovery may be as high as $40,000 to $60,000.[6]

Factors five and six are where the rubber meets the road. As noted above, Sands may be required under Section 505 of the Copyright Act to pay Bauer's reasonable attorneys' fees. Bauer asserts that it already has incurred "well in excess" of $50,000 in attorneys' fees litigating this case.[7]

---

[4]
    *Rice*, No. 18-CV-9130 (AJN), 2019 WL 2865210, at *1 (citing, *e.g.*, *Leibowitz v. Galore Media, Inc.*, No. 18-cv-2626 (RA) (HBP), 2018 WL 4519208, at *2 (S.D.N.Y. Sept. 20, 2018)).

[5]
    *Cruz*, No. 17-CV-8794 (LAK), 2017 WL 5665657, at *1 (citing *Selletti*, 173 F.R.D. at 101-02).

[6]
    Declaration of David S. Korzenik in Support of Bauer Media Group USA, LLC's Award of Attorney's Fees & in Support of Order Requiring Security for Costs 3 [DI-65].

[7]
    *Id.*

Its counsel has submitted invoices pertaining to its work litigating the motion for sanctions that total roughly $40,000.[8] I already have ordered Mr. Liebowitz to reimburse Bauer for fees incurred litigating that motion,[9] and I therefore do not consider those fees in estimating the costs and expenses that Sands may be required to pay under Section 505. Nonetheless, I find that the other work performed by Bauer's counsel has generated significant fees and that those fees will continue accruing as the litigation moves forward. The fifth factor weighs strongly in favor of ordering Sands to post a bond.[10]

If Sands ultimately is ordered to pay Bauer's reasonable attorneys' fees, I have reason to doubt that he will comply with any such order in light of his failure to comply with the March 9, 2018 order to produce disclosures required by Rule 26(a). As I found in my prior opinion, Sands misleadingly identified only himself as a person likely to possess information concerning the licensing history of the allegedly infringed photographs at issue in this case.[11] His failure to identify Getty Images and Matrix Pictures as entities with relevant information – without any satisfactory

---

[8]

    *Id.* at 2.

[9]

    *See* Memorandum Opinion 15 [DI-56].

[10]

    Bauer did not provide invoices documenting its counsel's other work litigating this matter. Such invoices would have been more helpful to understanding the costs it has incurred than the representation of its counsel that those costs – apparently inclusive of the roughly $40,000 spent litigating the sanctions motion – are "well in excess" of $50,000. Nonetheless, I find that the amount of fees Bauer has incurred is significant in light of the billing rates noted in its papers, *see id.* at 3, along with my assessment of the rough amount of hours an attorney would reasonably expend on this work. I need not be aware of the precise amount Bauer's counsel has invoiced to conclude that, when viewed in conjunction with the other factors I consider in this opinion, it substantiates the relief ordered herein.

[11]

    Memorandum Opinion 7-9 [DI-55].

excuse for the omission – prejudiced Bauer and caused me to reopen discovery.[12] This violation was

neither inadvertent nor insubstantial.[13]

      Sands's opposition to the order to show cause does little to assuage these concerns.

His October 2, 2019 memorandum in response to that order is copied almost verbatim from his

November 30, 2018 memorandum in opposition to Bauer's motion for a bond as security.[14] Thus,

some of his central contentions, such as a lengthy section arguing that "Sands has never violated any

Court orders,"[15] are incorrect and raise serious questions about his (and his counsel's) interest in

litigating this case – a factor that weighs further in favor of conditioning Sands's ability to proceed

on his posting of a bond or other sufficient security.  Sands provides otherwise no persuasive

---

12

      *Id.* at 11-15.

13

      As I found, Sands's violation left Bauer,

> post the close of the discovery period[,] facing a motion for partial summary
> judgment motion as to liability, a previously unmade claim that these photos had
> been licensed to Getty and Matrix, and still no documentary evidence of any such
> licenses, let alone any information at all about the economic terms of any such
> licenses.  Now it has before it a need for reopened discovery of plaintiff, Getty, and
> Matrix – the last of which is based in the United Kingdom and may not be subject
> to process here – and a waste of some level of effort between the date of the initial
> conference and the present.

      *Id.* at 14.

14

      *Compare* Memorandum of Law in Response to Court's Order to Show Cause as to Why
Plaintiff Should Not Be Required to Post a Bond as Security for Costs and Fees Under
Local Rule 54.2 [DI-58], *with* Memorandum of Law in Opposition to Defendant's Motion
for a Bond as Security for Costs and Fees Under Local Rule 54.2 and for Discovery
Sanctions [DI-43].

15

      Memorandum of Law in Response to Court's Order to Show Cause as to Why Plaintiff
Should Not Be Required to Post a Bond as Security for Costs and Fees Under Local Rule
54.2 at 23 [DI-58]; *id.* at 21-26.

argument rebutting my findings that Bauer has incurred and will continue to incur significant costs that may be recoverable under Section 505.[16]

In sum, there is a reasonable possibility that Sands will be required to reimburse Bauer's costs, and Sands's conduct in this litigation – to say nothing of his counsel's conduct[17] – reveals a reasonable possibility that Sands will default on that obligation. Under these circumstances, the Rule 54.2 order contemplated in my previous opinion is warranted.

*Conclusion*

This action shall be dismissed with prejudice unless Sands, on or before October 29, 2019, posts of a bond or other sufficient security in the amount of $50,000 for costs and attorney's fees in this action.

SO ORDERED.

Dated:        October 22, 2019

_____
Lewis A. Kaplan
United States District Judge

---

[16]

I decline Bauer's request to hold that Sands defaulted on the order to show cause by resubmitting old materials.

[17]

Other courts in this district have cited Mr. Liebowitz's repeated failure to comply with court orders and his habit of filing misleading documents as weighing in favor of imposing a bond on his clients. *See, e.g.*, *Rice*, No. 18-CV-9130 (AJN), 2019 WL 2865210, at *1. I reach my holding without considering these factors, as I find that Sands's conduct in this case merits the relief ordered herein. Nonetheless, to the extent Mr. Liebowitz's conduct in other cases is relevant to his client's likelihood of defaulting on a possible obligation to pay attorneys' fees, that conduct would weigh heavily in favor of requiring Sands to post a bond.