UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

STEVE SANDS,

        Plaintiff,

- against -

BAUER MEDIA GROUP USA, LLC,

        Defendant.

--------------------------------------------------------X

No.: 1:17-cv-09215 (LAK)

**DECLARATION OF DAVID S. KORZENIK IN OPPOSITION TO STEVE SANDS' MOTION FOR RECUSAL**

**David S. Korzenik**, an attorney admitted to practice law in the State of New York, declares pursuant to 28 U.S.C. § 1746 as follows:

1. I am a partner at the firm Miller Korzenik Sommers Rayman LLP, counsel for Defendant Bauer Media Group USA, LLC ("Bauer").

2. I submit this Declaration in opposition to Plaintiff Steve Sands' ("Sands") motion for recusal (Dkt. 68).

3. Sands' counsel, Richard Liebowitz of the Liebowitz Law Firm, contends that the Court's reference to a "so-called 'business model'" is indicative of bias. *See* Dkt. 69, at 9; Dkt. 56, at *2; *Sands v. Bauer Media Grp. USA, LLC*, 2019 WL 4464672, at *1 (S.D.N.Y. Sept. 18, 2019) (Kaplan, J.). However, the term "business model" is not one of this Court's invention. While it has been used by others in connection with firms that bring numerous photograph infringement claims – and while it is apt here – one of the earliest times I heard the term used in court was by the Liebowitz Law Firm itself.

4. In *Steven Ferdman v. New York Media LLC*, No. 1:17-cv-09602-JMF, I represented the Defendant, publisher of *New York* magazine. That case was assigned to Judge

Jesse Furman. The Liebowitz Law Firm represented the plaintiff photographer, Ferdman. James H. Freeman, Esq., who has also appeared in the present case, appeared at the Initial Conference in open court before Judge Furman on behalf of the plaintiff photographer. *See Ferdman v. New York Media LLC*, No. 1:17-cv-09602-JMF, Minute Entry dated March 13, 2018. It was Mr. Freeman who freely referred to his firm's "business model" as he tried to explain to the Court his client's case. It was the Liebowitz Law Firm, not this Court, that made use of the term to refer to its own practice.

5. Mr. Liebowitz also declares in support of Sands' motion that Sands "did not make a settlement demand in this action." Dkt. 70, at 1 ¶3. That is not true. Annexed to our October 30, 2019 letter to the Court is a true and correct copy of an email I received from Mr. Liebowitz on December 12, 2017 – shortly after Terence Keegan and I advised him that we would be appearing for Bauer in this case. In the email, Mr. Liebowitz stated, "I spoke with my client and I am authorized to make an offer of $25,000" – i.e., demanding Bauer pay Sands $25,000 to settle the case. *See* Dkt. 71, at 2.

6. I appeared at the parties' initial conference with this Court on February 6, 2018, during which the Liebowitz Law Firm made clear that its settlement demand on behalf of Sands was $25,000 – as noted by the Court in its September 18, 2019 opinion. *See* Dkt. 56, at 7; *Sands*, 2019 WL 4464672, at *3. Mr. Liebowitz was not at that conference.

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Signed this 12th day of November, 2019.

**David S. Korzenik**