UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

| | |
|---|---|
| STEVE SANDS, | No.: 1:17-cv-09215 (LAK) |
| Plaintiff, | **MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR RECUSAL** |
| - against - | |
| BAUER MEDIA GROUP USA, LLC, | |
| Defendant. | |

--------------------------------------------------------X

Defendant Bauer Media Group USA, LLC ("Bauer") respectfully submits this memorandum of law in opposition to Plaintiff Steve Sands' ("Sands") motion for recusal (Dkt. 68).

*Introduction*

Sands' recusal motion is legally meritless and premised on misrepresentations of the record. Sands claims he "never made a settlement demand" in this action, and that he has only pursued "judgment on the merits" here. *See* Dkt. 69, at 9 n.1; Dkt. 70, at ¶3. But as Bauer's counsel showed the day after Sands noticed this motion, Sands *opened* this litigation with a settlement demand. *See* Dkt. 71; *see also* Declaration of David S. Korzenik dated November 12, 2019 ("Korzenik Opp."), at ¶5. And as the Court referenced in its September 18, 2019 opinion, Sands' counsel "announced" the same "$25,000 settlement demand" at the parties' initial conference with the Court in 2018. *See* Dkt. 56, at 7; *Sands v. Bauer Media Grp. USA, LLC*, 2019 WL 4464672, at *3 (S.D.N.Y. Sept. 18, 2019); see also Dkt. 49, at 5 n.4; Korzenik Opp., at ¶6.

As Bauer already noted, Sands' counsel at the Liebowitz Law Firm, PLLC also promised at the initial conference to provide photo licensing information – information that would have

aided in analyzing the objective merits of Sands' claims. *See* Dkt. 71. But that information never came; instead, Sands tried to dribble some of it out after discovery had closed, on a motion for summary judgment. *See* 2019 WL 4464672, at *4.

Sands and his lead counsel, Richard Liebowitz of the Liebowitz Law Firm, PLLC, have offered no corrections to their papers in the last two weeks. Mr. Liebowitz inexplicably has let stand his declaration claim that "Plaintiff did not make a settlement demand in this action," even though Bauer's counsel submitted his email representation to them from December 12, 2017 that he had spoken to Sands and was authorized "to make an offer of $25,000." *Compare* Dkt. 70, at ¶3, *with* Dkt. 71, at 2; *see also* Korzenik Opp. at ¶5. And Mr. Liebowitz can say nothing on first-hand knowledge about his firm's representations on Sands' behalf at the initial conference, because he wasn't there. *See* 2019 WL 4464672, at *3; Korzenik Opp. at ¶6.

The Court sanctioned Sands and Mr. Liebowitz for "violat[ing] their obligations under [Fed. R. Civ. P.] 26(a)" – a violation they even conceded. 2019 WL 4464672, at *4. The Court premised its sanction on the consideration of several factors. Merely labeling Sands or Mr. Liebowitz as a "copyright troll" was not among them, as they now contend. *Compare* Dkt. 69, at 7, *with Sands*, 2019 WL 4464672, at *5. Instead, to begin with, the Court observed that neither Sands nor Mr. Liebowitz had submitted "any affidavit or declaration to support . . . under oath" their excuse that failing to disclose the identities of Sands' photo licensees was "a mere oversight of counsel." *Sands*, 2019 WL 4464672, at *5.

Additionally, as the Court noted, it was *another judge* in another case who referred to Mr. Liebowitz as a "copyright troll" (and who denied Mr. Liebowitz's request to "redact" that term from her opinion), more than a year ago. *See id.* at *1, *citing McDermott v. Monday Monday, LLC*, No. 17-cv-9230 (DLC), 2018 WL 5312903, at *2 (S.D.N.Y. Oct. 26, 2018). Also as the

2

Court noted, it was *still another judge* in still another 2018 ruling who described Mr. Liebowitz's litigation tactics as "an apparent attempt to increase costs and to extort unwarranted settlements." *See id.*, *citing Pereira v. 3072541 Canada Inc.*, No. 17-cv-6945 (RA), 2018 WL 5999636, at *3 (S.D.N.Y. Nov. 15, 2018). And this Court is not the first to discuss a "business model" in connection with the Liebowitz Law Firm. In fact, the Liebowitz Law Firm itself was referring to its "business model" in open court before another judge last year, contemporaneous with its disclosure failures in this case. *See* Korzenik Decl. at ¶4 (recounting initial pretrial conference on March 13, 2018 opposite Liebowitz Law Firm in *Ferdman v. New York Media LLC*, No. 17-cv-09602-JMF); *Sands*, 2019 WL 4464672, at *3 ("the Court directed both sides to produce the required Rule 26(a) disclosure on or before March 9, 2018").

None of this forms the basis for recusal. The Court should deny Sands' motion.

***Procedural Background***

This Court was assigned to this action on November 27, 2017, some five months after it issued a prevailing-party fees ruling against another Liebowitz Law Firm client in *Kanongataa v. Am. Broadcasting Cos., Inc. et al.* *See* Declaration of Richard Liebowitz filed Oct. 30, 2019 Exhibit B (copy of Memorandum Opinion, *Kanongataa v. Am. Broadcasting Cos., Inc.,* 2017 WL 2684067 (S.D.N.Y. June 21, 2017) (Kaplan, J.)). The Court has presided over the case for nearly two years.

On September 18, 2019, the Court issued a Memorandum Opinion concluding that Sands and his counsel had violated Fed. R. Civ. P. 26 and the Court's own order by failing to disclose key photo licensing information during discovery. *See* Dkt. 56, at 10. While it denied Sands' concurrent motion for partial summary judgment, which had attempted to rely on some of the very information Sands had failed to provide to Bauer, the Court also denied Bauer's sanction

3

motion insofar as it sought dismissal of the action.  *See* Dkt. 56, at 14-15.  Instead, the Court ordered Sands to show cause why the Court should not condition plaintiff's ability to proceed with this action on the posting of a bond or other sufficient security in the amount of $50,000. *See* Dkt. 56, at 15. The September 18 Memorandum Opinion further ordered Richard Liebowitz to pay Bauer's reasonable attorneys' fees for making and litigating its sanctions motion.  *See id.* Sands subsequently filed a motion for reconsideration of the September 18 Memorandum Opinion (*see* Dkts. 58-60), which the Court denied for failing to meet the requisite legal standard.  *See* Dkt. 63.

On October 22, 2019, the Court issued a second Memorandum Opinion ordering Sands to post a $50,000 security by October 29, 2019; otherwise, the case would be dismissed with prejudice.  *See* Dkt. 67, at 6.  On the day of the deadline to post the security, Sands filed the instant recusal motion.  *See* Dkts. 68-70.  The next day, Bauer filed a letter in response pointing out the inaccuracies in Sands' claim that he "never made a settlement demand in this proceeding," and "only ever sought judgment on the merits against Bauer Media"; Bauer also furnished the Court with the December 12, 2017 email conveying Sands' original $25,000 settlement demand.  *See* Dkt. 71.  To date, neither Sands nor his counsel have corrected their motion's false statements.

***Legal Standards***

Under 28 U.S.C. § 455(a), "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  A judge shall also disqualify himself "[w]here he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding. . . ." *See* 28 U.S.C. § 455(b)(1).

4

Section 455(b)(1) is to be construed in *pari materia* with 28 U.S.C. § 144, a statute to which Sands' motion does not refer. *See Apple v. Jewish Hosp. & Medical Ctr.*, 829 F.2d 326, 333 (2d Cir. 1987) (affirming denial of recusal motion) (citation omitted); *see* Dkts 68-70. The analysis under each statute "looks to extrajudicial conduct as the basis for making such a determination, not conduct which arises in a judicial context." *Apple*, 829 F.2d at 333.

Section 455(a) provides broader grounds for disqualification. *Id.* (citations omitted). However, when "a party has not alleged any grounds for recusal other than those relating to the district court's alleged bias or prejudice, those broader grounds are not implicated." *Id.*

Whenever a party makes a recusal motion, he must file an affidavit with it in a timely manner, including a certificate of the counsel of record stating that it is made in good faith. *See* 28 U.S.C. § 144. Although not explicit, 28 U.S.C. § 455 also requires that such a recusal motion be made in a timely fashion: to wit, "at the earliest possible moment after obtaining knowledge of facts demonstrating the basis for such a claim." *See Apple*, 829 F.2d at 333 (citation omitted). When deciding if a motion made pursuant to section 455 is timely, courts apply a four-factor test asking whether: "(1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for the delay." *See United States v. Brinkworth*, 68 F.3d 633, 639 (2d Cir. 1995) (citing *Apple*, 829 F.2d at 334). The purpose of the timeliness requirement is to prevent a movant from holding back and waiting, "hedging its bets against the eventual outcome." *See Apple*, 829 F.2d at 334.

The procedural requirements must be considered before reaching the merits of a recusal motion. *See id.* at 333.

In assessing the merits of a recusal motion, the relevant inquiry is whether "an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal." *See, e.g.*, *Morisseau v. DLA Piper*, 532 F. Supp. 2d 595, 624 (S.D.N.Y. 2008) (Kaplan, J.) (internal citation omitted). The decision to grant or deny a recusal motion is confided to the district court's discretion. *See Apple*, 829 F.2d at 333.

*Argument*

*Sands' Motion Fails To Meet Threshold Procedural Requirements of Sections 144 and 455*

As a preliminary matter, Sands' recusal motion abjectly fails to meet the procedural requirements of sections 144 and 455. Under the four-factor *Apple* test, Sands' motion is untimely. Moreover, the declaration of Richard Liebowitz filed in support of the recusal motion lacks a certificate stating that it was made in good faith. *See generally* Dkt. 70.

Under the first factor of the *Apple* timeliness test, courts will consider whether the movant has participated in a substantial manner in trial or pre-trial proceedings. *See Apple*, 829 F.2d at 334. The instant case is nearly two years old. Sands forced Bauer to slog through discovery and then engage in months of motion practice to vindicate its position. This case has already engendered two Memorandum Opinions, both adverse to Plaintiff and his counsel. *See generally* Dkts. 56, 67.

Here, Sands "[held] back and wait[ed]" to file his recusal motion for more than a month after the Court issued its September 18 Memorandum Opinion – until the last day he had to comply with the Court's October 22 Order. *See Apple*, 829 F.2d at 334; Dkt. 67. That is to say nothing of Sands' counsel certainly knowing about the Court's prevailing-party fees order in the *Kanongataa* case from the outset of this action. Dkt. 69, at 12 n.2. As Sands' own case law holds, "It is well-settled that a party must raise its claim of a district court's disqualification at

the *earliest possible moment* after obtaining knowledge of facts demonstrating the basis for such a claim." *See Apple* 829 F.2d at 333; Dkt. 69, at 8. This is precisely the type of conduct that the Second Circuit warned against in *Apple*. As required under the fourth *Apple* factor, Sands fails to give any reason for his delay. *See id.* Surely, judicial economy would not be promoted under the second *Apple* factor because another District Court judge would be required to learn the underlying factual record if Sands' recusal motion were granted. *See id.*; *see Sands*, 2019 WL 4464672, at *2-4.

Lastly, although no entry of judgment has yet been entered in this case as contemplated by the third *Apple* factor, the Court warned Sands that his action would be dismissed with prejudice if he did not comply with the October 22, 2019 bond order. *See* Dkt. 67, at 6; *Sands v. Bauer Media Grp. USA, LLC*, 2019 5395602 (S.D.N.Y. Oct. 22, 2019). In any event, three of the four factors here establish that Sands' recusal motion was presumptively untimely. Moreover, the accompanying declaration of Richard Liebowitz fails to include the requisite certificate that it was made in good faith. *See generally* Dkt. 70.

*Sands' Recusal Motion Fails on the Merits*

Notwithstanding the untimeliness of Sands' recusal motion and his counsel's failure to include a good-faith certificate with his declaration, the Court should deny the recusal motion even if it reached an assessment on the merits.

Section 455(b)(1) states that a judge shall disqualify himself "where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." As mentioned above, it was *another judge* in another case who referred to Mr. Liebowitz as a "copyright troll" more than a year ago. *See* 2019 WL 4464672, at *1 (*citing McDermott v. Monday Monday, LLC*, No. 17-cv-9230 (DLC), 2018 WL 5312903, at

7

\*2 (S.D.N.Y. Oct. 26, 2018)).  It was *another* judge in another 2018 case who described Mr. Liebowitz's litigation tactics as "an apparent attempt to increase costs and to extort unwarranted settlements."  *See id.* (citing *Pereira v. 3072541 Canada Inc.*, No. 17-cv-6945 (RA), 2018 WL 5999636, at \*3 (S.D.N.Y. Nov. 15, 2018)).  And it was an attorney for the Liebowitz Law Firm, PLLC – not Judge Kaplan– who first "freely referred to his firm's 'business model'" while explaining his client's case in another matter to another District Court judge.  *See* Korzenik Opp, at ¶¶3-4.  In other words, Sands' claim under sections 455(b)(1) fails to show that Judge Kaplan exhibited any *personal* bias or prejudice.  *See also Apple*, 829 F.2d at 333 ("when proffered, an affidavit [charging partiality] is scrutinized for sufficiency").

Sands' claim under section 455(a) fails because the extrajudicial conduct of which he complains concerns an alleged personal bias or prejudice, and is thus governed by sections 144 and 455(b)(1).  *See Apple*, 829 F.2d at 333.  Section 455(a) requires that a judge recuse himself when "an objective, disinterested observer fully informed of the underlying facts would entertain significant doubt that justice would be done absent recusal."  *See Morisseau*, 532 F. Supp. 2d at 624.  Although it provides "broader grounds" for disqualification than sections 144 or 455(b)(1), those grounds are distinct from alleged bias or prejudice.  *See Apple*, 829 F.2d at 333.  Here, as in *Apple*, the party moving for recusal under section 455(a) did not allege "any grounds for recusal other than those relating to the district court's alleged bias or prejudice."  *See id.*  As in *Apple*, the Court should treat Sands' motion as if it were made under sections 144 and 455(b)(1).

Setting aside that none of the facts that Sands alleges remotely establish personal bias or prejudice that would allow an objective observer to "entertain significant doubt that justice would be done absent recusal," Sands' memorandum in support of his recusal motion explicitly asserts that recusal should be granted under section 455(a) "for all the same reasons" argued

8

under section 455(b)(1). All this shows a deeply flawed understanding of recusal procedure described in sections 144 and 455.

*Conclusion*

The Court should deny Sands' motion for recusal.

Dated: November 12, 2019  Respectfully submitted,
New York New York

   /s/ David S. Korzenik
David S. Korzenik
Terence P. Keegan
Zachary M. Press
MILLER KORZENIK SOMMERS RAYMAN LLP
The Paramount Building
1501 Broadway, Suite 2015
New York, New York 10036
Tel (212) 752-9200
dkorzenik@mkslex.com
tkeegan@mkslex.com
zpress@mkslex.com
*Attorneys for Bauer Media Group USA, LLC*

9