UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEVE SANDS

                        Plaintiff,

   - against -

BAUER MEDIA GROUP USA, LLC

                       Defendant.

Case No. 1:17-cv-9215-LAK

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
PLAINTIFF'S MOTION TO RECUSE HON. LEWIS A. KAPLAN (U.S.D.J.)**

Plaintiff Steve Sands, via counsel, respectfully submits this reply memorandum of law in further support of Plaintiff's motion to recuse the Honorable Judge Lewis A. Kaplan.

**ARGUMENT**

**POINT I:** **THE COURT'S USE OF THE STEREOTYPE "COPYRIGHT TROLL" TO DESCRIBE MR. LIEBOWITZ IS GROUNDS FOR RECUSAL**

In its opposition brief, Defendant fails to address the vast majority of issues raised in Plaintiff's principal brief surrounding the Court's use of the pejorative term "copyright troll." For example, it has failed to address that Mr. Liebowitz actually represents the Artist, Steve Sands, who created the intellectual property at issue. It has failed to address that the original IOWA LAW REVIEW article upon which the Court relies describes a plaintiff-corporation rather than an Officer of the Court. Defendant has failed to address that the term "copyright troll" to describe Mr. Liebowitz is an unconstitutional stereotype which undermines fair adjudication of this meritorious infringement suit (which is itself based on Article I, sec. 8, cl. 8 of the U.S. Constitution).

Defendant has also failed to address that Liebowitz Law Firm actually litigates cases on the merits, as this very case demonstrates, as well as other cited in Sands' principal brief. Defendant has failed to address that federal courts routinely exclude use of the terms "copyright troll" and "patent troll" in jury proceedings on grounds that the terms are pejorative and highly prejudicial. Defendant has not even bothered to refute Sands' argument that the Court's use of the term "copyright troll" shows personal animus and bias which impacts Sands.[1]

---

[1] Instead, Defendant argues that no matter how much personal *animus* the Court directs at Mr. Liebowitz based on the troll stereotype, recusal is not warranted under the recusal statutes.

As a result, Defendant has conceded these points. *See, e.g., Minemyer v. R-Boc Representatives, Inc.*, 2012 WL 2155240, at *11 (N.D. Ill. June 13, 2012) ("[D]efendants don't respond to this argument in their reply brief. In this Circuit, failure to respond to an argument implies concession and generally results in a waiver of the point.") (internal citation omitted) (collecting cases); *JPMorgan Chase Bank, N.A. v. Wolfe*, No. 4:06-CV-240-Y, 2006 WL 8438501, at *2 (N.D. Tex. Aug. 17, 2006) ("The Court deems such failure to respond [on reply] to Chase's argument a concession by Defendants of the argument's persuasiveness."); *Midwest Generation EME, LLC v. Continuum Chem. Corp.*, 768 F. Supp. 2d 939, 950 (N.D. Ill. 2010) ("Continuum's Reply Brief does not address these affidavits, and the failure to respond to an opposing party's argument implies concession").

Rather than addressing the merits of Sands' arguments in support of recusal, Defendant argues that because a select number of other judicial officers have invoked the term to describe Mr. Liebowitz, that it's acceptable for the presiding judicial officer here to propagate the identical stereotype. Two wrongs don't make a right. In any event, this motion presents a new policy of 100% intolerance with respect to judicial use of the term "copyright troll" in the judicial context to describe Mr. Liebowitz, who is a human being, an officer of this court and a representative of the true Artist who created the intellectual property at issue (as opposed to some faceless corporate entity who purports to own copyrights that it had no role in creating).

If the press wants to describe Mr. Liebowitz as a non-human troll, it is their First Amendment right to do so. However, Article III judges are held to a different standard than the press; they are representatives of the federal government whose powers derive from the Constitution. Accordingly, they may not stereotype private citizens with crass de-humanizing stereotypes. No matter what popular culture may ascribe to the term "troll" in the given moment,

2

it is undeniable that such term is historically synonymous with devil, demon, goblin and monster. Judges simply do not have the constitutional authority to *permanently label* members of the bar with such derogatory terms. In this particular case, Mr. Liebowitz has done nothing more than prosecute a meritorious copyright infringement claim that is expressly authorized by both the U.S. Constitution and Congress. That is not grounds to condemn him as a "troll".

The fact that the Court considers Mr. Liebowitz a "copyright troll" who files "strike suits, designed to extort settlements", when viewed together, demonstrate a level of personal *animus* towards Mr. Liebowitz which justifies recusal. To deter infringement, Congress provided for a robust statutory damages provision for up to $150,000 per work and Steve Sands demanded a fraction of that amount for *two* works.[2] This can hardly be labeled "extortion," particularly as Bauer stole property from Sands.

Finally, Defendant's attempt to conflate the statutory provisions regarding recusal is baseless and does not warrant denial of the present motion. Judicial bias against an attorney may warrant disqualification where it can "be shown that such a controversy would demonstrate bias for or against the party itself." *Dembowski v. New Jersey Transit Rail Operations, Inc.*, 221 F. Supp. 2d 504, 511 (D.N.J. 2002). A party may show the requisite bias where the court's hostility against the party's attorney is "so virulent and of such magnitude that it prejudices the judge against the attorney's client." *United States v. Ahmed,* 788 F.Supp. 196, 203 (S.D.N.Y.), *aff'd,* 980 F.2d 161 (2d Cir.1992); *see also In re Cooper*, 821 F.2d 833, 839 (1st Cir. 1987) ("It is true that occasionally exceptional circumstances do arise where a judge's attitude toward a particular attorney is so hostile that the judge's impartiality toward the client may reasonably

---

[2] Sands' initial demand for settlement of two works was less than the statutory maximum for a single, <u>non-willful</u> infringement under 17 U.S.C. 504(c), even though Bauer's infringement was willful.

3

be questioned."

Further, under § 455(a), "recusal is not limited to cases of actual bias; rather, the statute requires that a judge recuse himself whenever an objective, informed observer could reasonably question the judge's impartiality, regardless of whether he is actually partial or biased." *United States v. Bayless*, 201 F.3d 116, 126 (2d Cir.2000); *see also ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 107–08 (2d Cir.2012) ("The question, as we have put it, is whether 'an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal.'" (*quoting United States v. Carlton*, 534 F.3d 97, 100 (2d Cir.2008)).

Plaintiff has met both of these standards as set forth in Points I-II of the principal memorandum [Dkt. #69, p. 22 of 23]

**POINT II:  PLAINTIFF'S MOTION IS PROCEDURALLY PROPER AND TIMELY**

Defendant also argues that Plaintiff did not meet procedural requirements attendant to recusal. As illustrated below, Defendants' arguments fail.

**A.  MR. LIEBOWITZ SUBMITTED A DECLARATION AS PART OF THE PRINCIPAL MOTION AND ON REPLY (WHICH, IN ANY EVENT, IS NOT STRICTLY REQUIRED BY SECTION 455)**

First, Defendant argues that section 144 – which is not at issue here – requires a certificate of the counsel of record stating that the motion is made in good faith. 28 U.S.C. § 144. But Defendant concedes that the applicable statute here, section 455, does not prescribe the identical requirement. In any event, Mr. Liebowitz has submitted a sworn declaration in support of Plaintiff's motion [Dkt. #70], and submits a declaration on reply affirming that this motion was made in good faith.

**B.  AS A MATTER OF LAW, THE INSTANT MOTION IS TIMELY**

4

Defendant next argues that Plaintiff's motion is untimely. This argument fails. Courts apply a four-factor test asking whether: "(1) the movant has participated in a substantial manner in trial or pre-trial proceedings; (2) granting the motion would represent a waste of judicial resources; (3) the motion was made after the entry of judgment; and (4) the movant can demonstrate good cause for the delay." *See United States v. Brinkworth*, 68 F.3d 633, 639 (2d Cir. 1995).

With respect to the <u>first factor</u>, movant did participate in a substantial manner in pre-trial proceedings, including the filing of a summary judgment motion pursuant to the Court's scheduling order. However, the Court never decided the dispositive motion on the merits. Rather, the Court entertained Defendant's ancillary, non-dispositive motion practice for almost a year.[3] In any event, this factor does not weigh in Bauer's favor because the Court's pejorative use of the term "copyright troll" to describe Mr. Liebowitz, and by extension Steve Sands, did not issue until September 18, 2019, just 41 days before Plaintiff filed his motion for recusal.

With respect to the <u>second factor</u>, the granting the motion would not represent a waste of judicial resources. Steve Sands has not received a fair and impartial adjudication in this proceeding because of the Court's animosity towards Richard Liebowitz. The Court has issued rulings based on his perception of Mr. Liebowitz as a "copyright troll," rather than on the merits of Sands infringement claim. Indeed, the Court has taken the extraordinary and unprecedented measure of imposing an exorbitant bond requirement on Sands without any evidence that Bauer

---

[3] As the Court ultimately decided not to strike any evidence from Sands' summary judgment motion, there is no apparent reason why the Court did not adjudicate Sands' summary judgment motion on the merits concurrently with Bauer's ancillary motion. Although the Court speculated that Bauer might want to take more discovery with respect to licensing fee information, Bauer did not take any discovery on the issues even when it had the chance. After all, Sands produced hundreds of pages of royalty statements from Getty during the discovery period and Bauer did nothing. It did not take any depositions nor issue any subpoenas.

5

has served a Rule 68 Offer of Judgment. Plaintiff is not aware of any other instance in this District or the Eastern District where a Court has imposed a bond requirement on a photographer in the absence of a Rule 68 offer.

Moreover, if Judge Kaplan actually believed Bauer's use was fair use, the Court would have ordered Plaintiff to show cause why his claim should not be dismissed at the outset of litigation. *See Cruz v. Am Broad. Companies, Inc.*, 2017 WIL 5665657, at *1 (S.D.N.Y. Nov. 17, 2017). Had Bauer actually believed that fair use was a remotely colorable defense, then it would have moved to dismiss under Rule 12(b)(6), particularly given its knowledge that Judge Kaplan previously dismissed one of Mr. Liebowitz's client's claims under Rule 12(b)(6) on grounds of fair use and awarded attorneys' fees to defendants. *Kanongataa v Am. Broadcasting Companies, Inc.*, 2017 WL 4776981 (S.D.N.Y. Oct. 4, 2017). As such, the idea that Sands' infringement claim is so objectively unreasonable *on grounds of fair use* as to require imposition of a $50,000 bond is not sustainable. In short, judicial resources have not been wasted. The Court has yet to rule on any dispositive motions in this more than two-year old case. The Court has only ruled on ancillary non-dispositive motions which have no bearing on the merits of this case. Accordingly, the second factor weighs in Sands' favor.

With respect to the third factor, as Defendant concedes, the motion was not made after the entry of judgment. No judgment has been entered in this case. So the third factor weighs in Sands' favor.

Finally, with respect to the fourth factor, Defendant has failed to establish that there was any delay. The statute, section 455, does not prescribe a fixed time limit for filing a recusal motion. Moreover, the motion was filed within 41 days of the Court's use of the term "copyright

troll" to describe Mr. Liebowitz and, by extension, Steve Sands.  A 41-day period does not constitute delay and Defendant has failed to prove otherwise.

As all four factors under *Brinkworth* weigh in Sands' favor, there can be no dispute that Plaintiff's motion was timely.

## CONCLUSION

Based on the foregoing, and for those reasons set forth in Plaintiff's principal brief, the Court should GRANT Plaintiff's motion to recuse the Honorable Lewis A. Kaplan from this proceeding.

Respectfully Submitted,

LIEBOWITZ LAW FIRM, PLLC

**/richardliebowitz/**
Richard Liebowitz
11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Counsel for Plaintiff Steve Sands*