# Liebowitz Law Firm, PLLC
ATTORNEYS FOR THE PHOTOGRAPHIC ARTS

11 Sunrise Plaza, Ste. 305
Valley Stream, NY 11580
(516) 233-1660
www.LiebowitzLawFirm.com

November 20, 2019

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007-1312

Re: <u>Sands v. Bauer Media Group USA, LLC,</u> 1:17-cv-9215 (LAK)

Dear Judge Kaplan:

We represent Plaintiff Steve Sands ("Plaintiff") in the above-captioned case and write to respectfully request leave of Court to file opposition papers to the Declaration of David S. Korzenik in Support of Bauer Media Group USA, LLC's Award of Attorney's Fees [Dkt. #65]. The Court has not previously set a briefing schedule respecting the amount of attorneys' fees to be awarded and Defendant did not serve a notice of motion or otherwise attempt to set a full briefing schedule.

By way of background, Defendant filed a motion for discovery sanctions on November 2, 2018 (principal papers) and December 14, 2018 (reply papers) consisting of:

- five (5) pages of principal brief which addresses sanctions [Dkt. #40, pp. 6-10][1]
- three (3) pages of an attorney declaration [Dkt. #39]
- nine (9) pages of reply memorandum [Dkt. # 49]
- two (2) pages of reply declaration [Dkt. # 48]

On October 16, 2019, David Korzenik, Esq. filed a declaration swearing that his firm billed an inconceivable **116.8 hours** to file its motion for discovery sanctions which, as the record shows, consists of 19 pages of total work product specifically addressed to the issue of discovery sanctions [Korzenik Declr. Dkt. #65, ¶ 14]. Plaintiff respectfully submits that Mr. Korzenik's declaration is an abomination.

To understand how grossly excessive 116.8 hours is to brief a single non-dispositive motion of just 19 substantive pages, Plaintiff respectfully refers the Court to the case of *Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368 (S.D.N.Y. 2019), where Judge Marrero awarded $44,560.88 to the plaintiff-photographer under section 505 of the Copyright Act. There, the Liebowitz Law

---
[1] The remaining portions of the brief addressed L.R. 54.2 security requirement, not sanctions.





Firm billed **174.95** total hours[2] over the course of about one-year to successfully prosecute claims of willful copyright infringement and DMCA violation to final judgment *after bench trial*. This included, *inter alia*, preparing and filing a complaint, attending court conference and mediation, conducting full blown written discovery, filing a Rule 12(c) letter motion, issuing third party subpoena, preparing a pre-trial memorandum of law and proposed conclusions of fact/law, briefing motion *in limine*, preparing for and attending a full-day bench trial with four witnesses, and drafting post-trial letter briefs.

All this legal work was performed by Liebowitz Law Firm for only 58.15 hours more than Mr. Korzenik claims his firm spent to brief (and apparently strategize over) a single non-dispositive motion consisting of 19 substantive pages of actual written work product.

Similarly, another plaintiff's firm successfully prosecuted a copyright infringement claim to final judgment after a two-day bench trial before Judge Furman for just 202.80 billable hours. *Barcroft Media, Ltd. v. Coed Media Grp*, 297 F. Supp. 3d 339 (S.D.N.Y. 2017); No. 16-CV-7634 (JMF), 2018 WL 357298, at *1 (S.D.N.Y. Jan. 10, 2018) (denying fees application).

At most, Mr. Korzenik's firm cannot plausibly be credited any more than **12-15 hours** of billable time for briefing (and internally vetting) its motion for discovery sanctions, which is more than 100 hours less than Korzenik is claiming. Accordingly, Plaintiff respectfully requests leave of Court to address Mr. Korzenik's declaration with greater specificity in a formal opposition brief.

Respectfully Submitted,

**/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Steve Sands*

---

[2] Judge Marrero applied a 30% discount to this amount.