MILLER KORZENIK SOMMERS RAYMAN LLP
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

November 20, 2019

Via ECF
Hon. Lewis A. Kaplan, U.S.D.J.
U.S. Courthouse, S.D.N.Y.
500 Pearl Street, New York, NY 10007

    Re:    *Sands v. Bauer Media Group USA, LLC*, No. 17-cv-9215

Dear Judge Kaplan:

The more Mr. Liebowitz misrepresents the record, the more time it takes us to set it straight:

- Contrary to Mr. Liebowitz's letter (DI 76), the Court *did* set a schedule for determination of the reasonable attorneys' fees Mr. Liebowitz shall pay Bauer Media Group USA, LLC ("Bauer") pursuant to the Court's sanction order (DI 56).  We wrote Your Honor *with Mr. Liebowitz's consent* on October 2, requesting among other things time to file declarations in support of the sanction determination.  DI 61.  Mr. Liebowitz did not ask for time to submit any opposition.  *See* DI 61.

- The Court granted our request on October 3.  DI 62.  Mr. Liebowitz raised no objection.

- Per the so-ordered schedule, we filed David Korzenik's Declaration in support of the sanction determination more than a month ago, on October 16.  DI 65, 65-1.  Mr. Liebowitz raised no objection – until today.

- In the meantime, Steve Sands has ignored the Court's order to post $50,000 in security by October 29, lest the case be dismissed with prejudice.  *See* DI 67.  Instead, he filed on October 29 a baseless motion for Your Honor's recusal.  *See* DI 68-70.

- Mr. Korzenik's Declaration details how Bauer was required to spend the approximate equivalent of two weeks of counsel's time to make and litigate its sanctions motion.  *See* DI 65, 65-1.  Contrary to Mr. Liebowitz's letter, our motion *was* dispositive: we sought dismissal of the action as a sanction.  *Compare* DI 76, at 1, *with* DI 38.  Among other tasks, we had to condense the factual record and procedural history of a case in which fact discovery had closed months before (*see* DI 40, at 5-9).  We also had to rewrite our reply papers, after Sands' counsel dumped on us 226 pages of purported licensing documents that they had never produced previously.  They did so on the literal eve of our filing deadline, after

    we had already expended time on our first set of reply papers.  *See* DI 45, at 1; DI 48, at ¶¶3-4; DI 49; *see also* DI 65, at ¶3; DI 65-1, at 11-12 (time entries dated 12/01/2018-12/06/2018).

•     Mr. Liebowitz omits all of this in his letter today.  *See* DI 76.  Now, he wants to waste even more of our and the Court's time with a "formal brief" on why he should only have to pay Bauer for *a single day's worth of work*.  *See* DI 76, at 2.

    There is no reason why the Court should grant Mr. Liebowitz's letter motion for leave to file an opposition to Mr. Korzenik's Declaration.

                                              Respectfully submitted,
                                              /s/Terence P. Keegan
                                              Terence P. Keegan
                                              David S. Korzenik
                                              Zachary M. Press