UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

STEVE SANDS,

      Plaintiff,

   -against-             17-cv-9215 (LAK)

BAUER MEDIA GROUP USA, LLC,

      Defendant.

------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/26/2019

**MEMORANDUM AND ORDER**

LEWIS A. KAPLAN, *District Judge.*

   This is a copyright infringement suit brought by Steve Sands, a photographer represented by attorney Richard Liebowitz. It is one of now well over 1,000 copyright infringement cases brought by Mr. Liebowitz in this district in the past two or so years. The matter before the Court involves several issues ultimately stemming from the failure of plaintiff and his counsel to comply with discovery obligations.

*Background*

   Defendant moved to dismiss the action on the ground that Mr. Liebowitz and/or his client had committed discovery abuse or, alternatively, to require a bond as security for costs and fees pursuant to Local Civ. R. 54.2. On September 18, 2019, the Court concluded that the claim of discovery abuse was meritorious, but it declined to dismiss the action. Rather, it required Mr. Liebowitz to pay a reasonable attorney's fee to defendant for making and litigating the sanctions

motion and directed plaintiff to show cause, on or before October 2, 2019, why the Court should not condition plaintiff's ability to proceed with this action on the posting of a bond or other sufficient security in the amount of $50,000 for costs and attorney's fees in this action. *Sands v. Bauer Media Grp. USA, LLC*, No. 17-cv-9215 (LAK), 2019 WL 2019 WL 4464672 (S.D.N.Y. Sept. 18, 2019) ("*Sands I*").

Plaintiff opposed the entry of an order requiring the posting of security for costs and attorney's fees. Dkt. 58. But, on October 22, 2019, the Court issued a decision carefully considering, but rejecting, plaintiff's arguments. Its order stated that "[t]his action shall be dismissed with prejudice unless Sands, on or before October 29, 2019, posts . . . a bond or other sufficient security in the amount of $50,000 for costs and attorney's fees in this action." *Sands v. Bauer Media Grp. USA, LLC*, No. 17-cv-9215 (LAK), 2019 WL 2019 WL 5395602 (S.D.N.Y. Oct. 22, 2019).

Plaintiff never filed any bond or other security. Instead, plaintiff on October 29, 2019 moved to recuse the undersigned under 28 U.S.C. § 455, arguing that the Court's actions in this case have demonstrated personal bias against his counsel, Mr. Liebowitz, and that this alleged bias against him has resulted in actual bias against plaintiff Sands.

*Discussion*

*Recusal*

It is more than passingly odd that plaintiff seeks to find support for his claim of personal bias against him and his counsel in the Court's *denial* of his adversary's motion to dismiss this action for Mr. Liebowitz's discovery misconduct and its choice instead of the lesser sanction of imposing the costs of litigating the meritorious sanctions motion on Mr. Liebowitz rather than

plaintiff himself. It is at least equally odd that the basis of the claim of bias is plaintiff's assertion that the Court on September 18, 2019

> "entered an order in this action in which he condemned Plaintiff's counsel, Richard Liebowitz, as a 'copyright troll' and accused him again of filing 'strike suits, designed to extort settlements.'" Dkt. 69, at 1.

In fact, the September 18, 2019 ruling did not do either. Rather, it stated:

> "Of course, photographers who create copyrighted images should be fairly compensated for their work. Those who infringe by using such images in violation of the rights of a copyright holder should be held to account. On the other hand, as the Court noted in a prior case, '[t]here may well be justification for [the] implication [that a significant portion of the 1,110 cases] . . . [have been] strike suits, designed to extort settlements from defendants on the basis that the defense costs would exceed what plaintiff would accept in settlement." Indeed, another judge of this Court has referred to Mr. Liebowitz as a 'copyright troll' – one who is
>
>> 'more focused on the business of litigation than on selling a product or service or licensing their copyrights to third parties to sell a product or service. A copyright troll plays a numbers game in which it targets hundreds or thousands of defendants seeking quick settlements priced just low enough that it is less expensive for the defendant to pay the troll rather than defend the claim.'
>
> Moreover, Mr. Liebowitz has been sanctioned, reprimanded, and advised to 'clean up [his] act' by other judges of this Court. As Judge Furman recently observed, 'there is a growing body of law in this District devoted to the question of whether and when to impose sanctions on Mr. Liebowitz.' And that is what I am asked to do here by defendant's motion to dismiss the action as a sanction for alleged discovery misconduct or, alternatively, to strike portions of the evidence that plaintiff has submitted in support of a motion for summary judgment or require a bond as security for costs and fees pursuant to Local Civ. R. 54.2." *Sands I*, at *1 (footnotes and citations omitted).

Thus, rather than condemn Mr. Liebowitz as a "copyright troll," the Court simply observed that *another judge* of this Court had so characterized him. And rather than accusing Mr. Liebowitz of filing strike suits to extort settlements, the Court observed that there *might be justification* for such claims, as indeed there might. In fact, as events have developed in this case,

there perhaps is even more justification.

In his zeal to deny that he files suits to extort settlements, Mr. Liebowitz in this very case – in filing the very motion for recusal underlying this order – stated under penalty of perjury that "[p]laintiff did not make a settlement demand in this action." Dkt. 70, ¶ 3. Plaintiff stated similarly in his memorandum that he "never made a settlement demand in this proceeding; he only ever sought judgment on the merits against Bauer Media." Dkt. 69, at 9 n.1.

These statements are false. As both the Court and defendant's counsel have pointed out, Mr. Liebowitz's associate made a $25,000 settlement demand at the initial conference in this case, a conference that Mr. Liebowitz did not attend. Even more glaring is an email defendant's counsel has produced, received by it from Mr. Liebowitz at the outset of the case, in which Mr. Liebowitz himself proposed settling for $25,000. Dkt. 71, at 2. Mr. Liebowitz has not disputed the authenticity or his authorship of the email or argued that the associate lacked the authority to make this demand. He seeks to pass off his untrue statements by saying that he "overlooked" these $25,000 settlement demands. Dkt. 75, ¶ 4. He then implies that the notion that "early resolution is generally promoted by federal courts" is an excuse for making false statements under penalty of perjury. *Id.* With respect, Mr. Liebowitz's assertion that he "overlooked" multiple settlement demands is unpersuasive.[1]

---

[1]

Nor is this the only occasion on which Mr. Liebowitz has made an untrue statement to a judge of this Court. In *Burgina v. Imagina Consulting, Inc.,* 18-cv-8956 (CS), Liebowitz sought to explain his failure to appear on April 12, 2019 at a court conference by telling Judge Seibel – in a letter written almost three weeks after his failure to appear and in response to an order requiring documentary proof of the reason for his absence – that his grandfather had died on the day of the conference and that Liebowitz was obliged to assist his family in certain religious customs in connection with the death. *Id.*, minute entry Apr., 18, 2019, and Dkt. 36. When pressed for documentary proof, Mr. Liebowitz voluntarily dismissed his client's action. *Id.*, Dkt. 43. Judge Seibel reiterated her demand for

As the Supreme Court held in *Liteky v. United States*, 510 U.S. 540, 555 (1994):

> "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge. They *may* do so if they reveal an opinion that derives from an extrajudicial source; and they *will* do so if they reveal such a high degree of favoritism or antagonism as to make fair judgment impossible." (emphasis in original)

Nothing in this record supports any claim of favoritism or antagonism, let alone favoritism or antagonism to a degree making fair judgment impossible. For example, in the same opinion that plaintiff claims evidences this Court's bias, this Court observed:

> "Of course, photographers who create copyrighted images should be fairly compensated for their work. Those who infringe by using such images in violation of the rights of a copyright holder should be held to account." *Sands I,* at *1.

Moreover, at the conclusion of that opinion, the Court declined to dismiss the case on the basis of

---

documentary proof. *Id.*, Dkt. 45. Instead of producing documentary proof, Mr. Liebowitz filed a declaration attesting under penalty of perjury that his prior explanation had been correct. *Id.*, Dkt. 46, ¶ 6. Judge Seibel was not satisfied and, on July 26, 2019, directed Mr. Liebowitz to provide a death certificate for his late grandfather, whom he claimed had died on April 12, 2019. *Id.*, Dkt. 49. Again Mr. Liebowitz persisted in his refusal, arguing that the death certificate was "a personal matter." *Id.*, Dkt. 52, ¶ 12. This resulted in Mr. Liebowitz being held in civil contempt. *Id.*, Dkt. 53, 60. In due course, he was ordered to appear and show cause why he should not be incarcerated until he complied with the Court's orders. *Id.*, Dkt. 60. In the end, facing the prospect of jail, Mr. Liebowitz produced the death certificate, which showed that his grandfather had died *three days before* the April 12, 2019 conference. He admitted also that the deceased grandfather had been interred on the day of his death. As Judge Seibel found, Mr. Liebowitz's repeated statements, some made or reiterated several times under penalty of perjury, that he missed April 12, 2019 conference because his grandfather had died that day all were false. And it seems perfectly obvious that Mr. Liebowitz's months of resistance to providing documentary proof to corroborate his claim that the grandfather died on April 12, 2019, and perhaps the decision to voluntarily dismiss his client's lawsuit, were designed to avoid discovery of the fact that he had made a false statement to Judge Seibel in the first place.

discovery misconduct although defendant had moved for such relief. For these and other reasons, the recusal motion is baseless.

*Failure to Post Security for Costs and Attorney's Fees*

In view of the fact that plaintiff has not posted security for costs and attorney's fees as required by the October 22, 2019 order, this action is dismissed.

*Attorney's Fees as Discovery Sanctions*

Mr. Liebowitz has sought an opportunity to make a further filing with respect to the amount of attorney's fees that should be awarded as a discovery sanction. The Court sees no reason not to allow that.

*Conclusion*

For the foregoing reasons, plaintiff's recusal motion (Dkt. 68) is denied in all respects. The action is dismissed with prejudice for plaintiff's failure to post security as required by the October 22, 2019 order. Plaintiff's motion for permission to file a further memorandum concerning the amount of attorney's fees to be awarded (Dkt. 77) is granted to the extent that he may file such a memorandum provided it is filed on or before December 6, 2019 and does not exceed 10 double spaced pages.

SO ORDERED.

Dated: November 26, 2019

_____
Lewis A. Kaplan
United States District Judge