UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVE SANDS,<br><br>                Plaintiff,<br><br>- against –<br><br><br>BAUER MEDIA GROUP USA, LLC<br><br>                Defendant. | 1:17-cv-09215 (LAK) |

**PLAINTIFF STEVE SANDS' OPPOSITION TO DEFENDANT'S
APPLICATION FOR ATTORNEYS' FEES**

Plaintiff Steve Sands, via counsel, respectfully submits this opposition brief to Defendant Bauer Media Group ("Defendant" or "Bauer")

## BACKGROUND

On October 16, 2019, David Korzenik, Esq., an experienced practitioner, filed a declaration swearing that his firm billed an inconceivable **116.8 hours** to file its motion for discovery sanctions which, as the record shows, consists of 19.5 pages of total work product specifically addressed to the issue of discovery sanctions [Korzenik Declr. Dkt. #65, ¶ 14]. Plaintiff respectfully submits that Mr. Korzenik's declaration is an abomination.

Specifically, Defendant's discovery sanctions motion consists of as follows:

| Date | Dkt. # | Description | Page #s Relevant to Sanctions |
|---|---|---|---|
| 11/2/18 | 39 | Principal Declaration of Keegan in Support of Sanctions | 3 pages |
| 11/2/18 | 40 | Bauer's Principal Brief in Support of Sanctions | 5 pages |
| 12/14/18 | 48 | Principal Declaration of Keegan in Support of Sanctions | 2 pages |
| 12/14/18 | 49 | Bauer's Reply Memorandum of Law | 9 |
| | | **Total:** | **19 pages** |

To understand how grossly excessive 116.8 hours is to brief a single non-dispositive motion of just 19 substantive pages, Plaintiff respectfully refers the Court to the case of *Mango v. BuzzFeed, Inc.*, 397 F. Supp. 3d 368 (S.D.N.Y. 2019), where Judge Marrero awarded $44,560.88 to the plaintiff-photographer under section 505 of the Copyright Act. There, the Liebowitz Law Firm billed **174.95** total hours over the course of about one-year to successfully prosecute claims of willful copyright infringement and DMCA violation to final judgment *after*

*bench trial.* This included, *inter alia*, preparing and filing a complaint, attending court conference and mediation, conducting full blown written discovery, filing a Rule 12(c) letter motion, issuing third party subpoena, preparing a pre-trial memorandum of law and proposed conclusions of fact/law, briefing motion *in limine*, preparing for and attending a full-day bench trial with four witnesses, and drafting post-trial letter briefs.

All this legal work was performed by Liebowitz Law Firm for only 58.15 hours more than Mr. Korzenik claims his firm spent to brief (and apparently strategize over) a single non- dispositive motion consisting of 19 substantive pages of actual written work product. Similarly, another plaintiff's firm successfully prosecuted a copyright infringement claim to final judgment after a two-day bench trial before Judge Furman for just 202.80 billable hours. *Barcroft Media, Ltd. v. Coed Media Grp*, 297 F. Supp. 3d 339 (S.D.N.Y. 2017); No. 16-CV- 7634 (JMF), 2018 WL 357298, at *1 (S.D.N.Y. Jan. 10, 2018) (denying fees application).

At most, Mr. Korzenik's firm cannot plausibly be credited any more than **12-15 hours** of billable time for briefing (and internally vetting) its motion for discovery sanctions, which is more than 100 hours less than Korzenik is claiming.

Finally, the 15-hour cap is justified by appropriate discounts. The majority of Defendant's sanctions motion is dedicated to the issue of the security bond under L.R. 54.2. Any time allegedly billed to briefing the bond motion must be precluded. Indeed, this fact alone justifies a fifty-percent (50%) discount to the 116.80 hours allegedly billed. Another twenty-five percent (25%) discount is justified to account for the fact that Bauer manifested its intent to file a bond motion <u>before</u> it became aware of the alleged discovery infraction which forms the basis of the Court's fee award. And another fifteen-percent (15%) should be discounted because Bauer's sanction motion was a dismal failure. The Court did <u>not</u> grant Bauer the relief it requested:

dismissal of the case or preclusion of the evidence. Accordingly, Bauer's sanctions motion was a useless failure.

**Point I:** **As a Preliminary Matter, the Court Should Deny the Fees Application in its Entirety Because Bauer Suffered ZERO <u>Prejudice</u> As a Result of Sands' One-Month Delayed Production of Four Pages**

On November 2, 2018, Bauer filed a 21-page memorandum of law in support of its motion for sanctions and for security for costs. [Dkt. #40] A cursory glance at the memorandum shows that Bauer NEVER argued that it was prejudiced by the delayed production of four pages of licensing fee history. In its request for relief, Bauer asked the Court to dismiss the case or strike the four pages from the record. [Dkt. # 40, p. 14 of 21] <u>Bauer never asked the Court to re-open discovery</u>.

That's because Bauer had no intention of re-opening discovery. After all, Bauer never conducted any discovery in the first instance – it never bothered to depose Sands, never served interrogatories, and never made a motion to compel. Bauer never even sent a single deficiency letter to Sands or his counsel during discovery. Bauer sat back and did nothing because, by its own admission, it didn't want to incur any fees on defending the action. [Dkt. # 56, p. 14 of 16 (Court recognizing that Bauer sought "to dispose of this case with minimum investment of time and effort.")

Yet, in its Order on Bauer's sanction motion, the Court found *sua sponte* that Bauer was prejudiced because "[n]ow it has before it a need for reopened discovery of plaintiff, Getty and Matrix." [Dkt. #56, p. 14 of 15] But Bauer never even made that argument. Bauer never asked the Court to re-open discovery – at any time. So what possible prejudice could Bauer have suffered from the production of four additional pages on summary judgment, one month past cut-off.

Indeed, even had Sands produced those four pages on or before the discovery cut-off date of August 7, 2018, rather than a month later on September 7, 2018, there is no record evidence that Bauer would have done anything different. Now, Bauer seeks a financial windfall of approximately $40,000 for having suffered no prejudice at all. It's free prize, not a sanction.

**Point II:        A 50% Universal Discount is Warranted to Account for Defense Counsel's Preparation and Drafting of the Bond Motion Under L.R. 54.2**

Bauer's motion for discovery sanctions was commingled with a separate motion for security under L.R. 54-2. [Dkt. #38-40] The Court did <u>not</u> award Bauer any fees in connection with its motion for security; it only awarded fees in connection with Bauer's motion for the alleged discovery infraction. *See* Dkt. #78, p. 2 of 6 (recognizing that the Court "required Mr. Liebowitz to pay a reasonable attorney's fee to defendant *for making and litigating the sanctions motion*.") (italics added).

Further, Bauer has failed to cite any authority for the proposition that a district court may order the non-movant on a L.R. 54-2 bond motion to pay the movant's fees. Accordingly, any and all time allegedly billed by defense counsel to prepare or brief its motion for security under L.R. 54.2 must be precluded as a matter of law. Bauer could have filed its motions as separate docket entries and billed its time accordingly. It chose not to. Accordingly, it cannot seek recovery of fees through the deceptive practice of commingling and block-billing.

Here, virtually ALL of defense counsels' time entries for the sanctions motion are commingled with the bond motion.[1] The Court will difficulty finding any time entries which are

---

[1] *See* TIME ENTRIES, Dkt. #65-1 [9/4/18 ("review previous bond orders and decisions…"); 9/5/19 ("L.R. 54.2 caselaw research"); 9/6/18 ("R16 letter"); 9/13/18 ("motion for security"; "bond motion"); 9/14/18 ("security motion"); 9/21/18 "security for costs motion"; "draft of bond motion"); 9/24/18 ("Draft Memo of Law ISO Bond Motion"); 9/25/18 ("Draft e-mail re: bond motion"; Draft MOL ISO Bond Motion" x 2); 9/28/18 ("Revise memo of law ISO proposed bond order"); 10/1/18 ("memo of law re: bond"; revise memo of law re" bond motion; fair use argument); 10/2/18 ("Revise memo of law re: bond motion"; "Discussion with ZP re: bond

5

exclusively dedicated to addressing the discovery infraction involved delayed production (which is the sole basis of the fee award). Thus, there is no way to actually discern what time was invested in preparing the sanctions motion. For that fact alone, a discount of at least fifty percent (50%) must be applied across-the-board to the grossly excessive submitted time entries.

**Point III:** **An Additional 25% Discount is Warranted to Account for the Fact That Bauer Would Have Moved for a Bond Under L.R. 54.2 Even in the Absence of Any Alleged Discovery Infraction**

It must be emphasized that Bauer was poised to file a bond motion on September 6, 2018 even *before* Sands filed his motion for summary judgment on September 7, 2018. *See* Dkt. #23, dated 9/6/18 (Bauer asking Court to suspend briefing schedule on summary judgment so that it could file a bond motion instead – but <u>not</u> a sanctions motion). Thus, even if there had been no discovery infraction resulting from the delayed production of four pages, Bauer would have billed time preparing the L.R. 54.2 bond motion and reviewing the past record evidence and facts to support such motion. In other words, most of the legal work performed in connection with the sanctions motion would have been performed anyway as part of the bond motion, such as a statement of facts, review of the record evidence, review of the opposition brief, review of Sands' document production. None of these entries should be credited as if they were necessary to the sanctions motion. They would have performed regardless of whether any discovery infraction had occurred.

---

motion draft"); 10/12/18 ("Draft MOL ISO Motion for a bond"; "security motion draft"); 10/24/18 ("Revise draft MOL bond motion"); 10/30/18 ("bond and termination of suit options"; "draft sanctions and bond motion"; "continue drafting memo of law in support of sanctions/bond motion"); 10/31/18 ("security/bond request"; "Draft sanctions and bond memo"); 11/2/19 ("Draft sanctions/bond motion" x 2); 11/20/18 "Revise memo of law draft"); 12/1/19 ("Bond Under Local Rule 54.2"; "motion for sanctions/bond"; "opposing sanctions and bond"); 12/4/18 ("sanctions/bond motion"); 12/5/18 ("motion for sanctions and/or bond" x 4); 12/6/18 ("research bond cases in SDNY"); 12/7/18 ("Draft section of reply motion re: sanctions/security on bond"); 12/12/18 ("motions for sanctions/security" x 2); 12/14/18 ("Draft section of sanctions/security reply motion"); 12/14/18 ("fair use"; "Sands bond argument").

Accordingly, an additional twenty-five (25%) discount across-the-board is justified to account for the fact that most of defense counsel's time would have been billed <u>regardless of Sands' delayed production of the four pages</u>. Indeed, very little of the 116.8 hours allegedly billed by defense counsel (no more than 12-15 hours) was dedicated to the issue of discovery sanctions.

**<u>Point IV</u>:    An Additional 15% Discount is Warranted for Bauer's Lack of Success in Obtaining Dismissal of the Action or Preclusion of Evidence**

The "'most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114 (1992); *see also Hensley v. Eckerhart*, 461 U.S. 424, 440 (1983) (courts consider "whether the expenditure of counsel's time was reasonable in relation to the success achieved"). The degree of success refers not only to the success of specific claims, but also to the "quantity and quality of relief obtained, as compared to what the plaintiff sought to achieve" in bringing the action. *Barfield v. N.Y.C. Health & Hospitals Corp.*, 537 F.3d 132, 152 (2d Cir. 2008) (citation omitted). As the Supreme Court has explained, where "litigation accomplished little beyond giving [a party] 'the moral satisfaction of knowing that a federal court concluded that [their] rights had been violated' in some unspecified way," fee awards should be reduced. *Farrar*, 506 U.S. at 114.

Here, Bauer's motion for sanctions failed in its entirety. Bauer sought to obtain dismissal of the action or preclusion of the four pages of evidence produced on Sands' summary judgment. But the Court did not grant Bauer ANY of the relief requested. Indeed, Bauer did not even request its attorneys fees for filing the motion, which means that the fee award is a complete and utter windfall. *See, e.g.*, *Scanlon v. Kessler*, 23 F. Supp. 2d 413, 418 (S.D.N.Y. 1998) (reducing lodestar by two thirds in part because of plaintiffs "limited success" in the form of recovering $1,000 on original $200,000 demand); *Childress v. Taylor*,

835 F. Supp. 739, 742-43 (S.D.N.Y. 1993) (substantially reducing amount of fees awarded "to reflect plaintiff's limited success on damages," "where plaintiff sought to collect over $170,000 [in damages] and obtained judgment for less than $43,000" after a damages trial). For this reason, Sands respectfully requests a deduction in fees consistent with the lack of success in the relief sought.

**Point V:** **The Proposed Discounts are also Warranted for the Utter Lack of Complexity Concerning the Discovery Sanctions Motion**

Courts apply substantial discounts where the issue is lacking in complexity. *See, e.g., La Barbera v. J.E.T. Res., Inc.*, 396 F. Supp. 2d 346, 352 (E.D.N.Y. 2005) (fifty-percent reduction in a "relatively straightforward and single issue appeal"); *DCH Auto Grp. (USA) Inc. v. Fit You Best Auto., Inc.*, No. 05 Civ. 2973 (NG) (JMA), 2006 WL 279055, at *8 (E.D.N.Y. Jan. 10, 2006) (thirty-five percent reduction due to the case's "lack of complexity"); *United States Bank Nat'l Ass'n v. Dexia Real Estate Capital Mkts.*, No. 12 Civ. 9412 (PAE), 2016 WL 6996176, at *9 (S.D.N.Y. Nov. 30, 2016) (fees incurred for "new counsel to 'get up to speed' are not appropriately passed on to a defendant").

Here, the only factual event identified by the Court which supports its fee award is Sands' delayed production of four pages of documents on Sands' partial summary judgment motion. Producing documents past the discovery cut-off does not raise complex factual or legal issues. Indeed, in the paltry five pages that Bauer submitted in principal brief to support its motion for discovery sanctions, it only cited seven caselaw authorities. [See Dkt. #40, pp. 10-14 of 21]

**Point VI:** **Further Discount is Warranted for Time Billed by Lawyers to Paralegal and Administrative Tasks**

Attorneys who are overqualified for administrative, paralegal, or junior associate-level tasks are not allowed to be paid at their hourly rate for this work. *See Barile v. Allied*

*Interstate, Inc.*, No. 12 Civ. 916 (LAP) (DF), 2013 WL 795649, at *3 (S.D.N.Y. Jan. 30, 2013) (reductions warranted where senior attorney billed time for tasks "such as copying or organizing documents, "filing documents with the court," and other "activities that could [ ] have been performed by a more junior attorney"), *report and recommendation adopted*, 2013 WL 829189 (S.D.N.Y. Mar. 4, 2013); *Davis v. N.Y. City Hous. Auth.*, No. 90 Civ. 628 (RWS), 2002 WL 31748586, at **3-4 (S.D.N.Y. Dec. 6, 2002) (same, for time spent preparing exhibits, proofreading, and other non-legal matters). In some cases, time billed for administrative tasks is considered "part of overhead" and eliminated from fee applications entirely. *See, e.g., Sulkowska v. City of N.Y.*, 170 F. Supp. 2d 359, 368 (S.D.N.Y. 2001) (eliminating hours expended on tasks such as filing and serving papers); *Davis*, 2002 WL 31748586, at *4 (eliminating time spent on administrative tasks).

Here, the time entries submitted by defense counsel are replete with tasks that could have been performed by non-lawyers, such as preparing courtesy copies and researching page limits.

**Point VII:** **Defense Counsel Should be Reprimanded for Submitting 116.8 Hours of Grossly Excessive Time to Brief Only Fourteen Substantive Pages**

The Court should appropriately reprimand Mr. Korzenik, a sophisticated practitioner, for submitting a declaration in support of 116.8 hours of time, nearly the amount of time that plaintiff's counsel incurred to prosecute an entire case through full-dress trial. See *Mango v. Buzzfeed*.

## **CONCLUSION**

For the foregoing reasons, the Court should apply a ninety-percent (90%) global discount to the 116.8 hours allegedly billed by defense counsel to brief a mere 14 pages of motion dedicated to the alleged discovery infraction. The remainder of the hours allegedly

billed were incurred in connection with the L.R. 54.2 bond motion, which is not recoverable as a matter of law.  Moreover, the 116.8 hours billed by defense counsel, even if true, constitutes grossly excessive corporate waste as no reasonable litigator is going to spend more than 12-15 hours drafting a basic, non-complex 14-page motion.

As such, any recovery in fees of more than $5625.00 (or 15 hours x $375/hr.) would be gross excessive, contrary to justice, and a violation of the constitutional prohibition against cruel and unusual punishment.  Indeed, there was no prejudice suffered by Bauer whatsoever – and Bauer never alleged any prejudice at all.  Even the $5625.00 would constitute a complete and utter financial windfall.

Respectfully submitted,

LIEBOWITZ LAW FIRM, PLLC
**By: /richardliebowitz/**
Richard Liebowitz
11 Sunrise Plaza, Suite 305
Valley Stream, New York 11580
(516) 233-1660
rl@liebowitzlawfirm.com

*Attorneys for Plaintiff Steve Sands*

**TO:**

**MILLER KORZENIK SOMMERS RAYMAN LLP**

David S. Korzenik
Terence P. Keegan
488 Madison Avenue Suite 1120
New York, New York 10022-5702
Phone (212) 752-9200 Fax (212) 688-3996
dkorzenik@mkslex.com
tkeegan@mkslex.com

*Attorneys for Defendant Bauer Media Group USA, LLC*