UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

| | |
|---|---|
| STEVE SANDS, | Index No.: 1:17-cv-09215 (LAK) |
| Plaintiff, | |
| | **REPLY DECLARATION OF TERENCE P. KEEGAN IN FURTHER SUPPORT OF BAUER MEDIA GROUP USA'S MOTION FOR SANCTIONS AND/OR SECURITY FOR COSTS** |
| - against - | |
| BAUER MEDIA GROUP USA, LLC, | |
| Defendant. | |

------------------------------------------------------------X

TERENCE P. KEEGAN, an attorney admitted to practice law in the State of New York, pursuant to 28 U.S.C. § 1746, declares as follows:

1. I am an associate with the law firm of Miller Korzenik Sommers Rayman LLP ("MKSR"), attorneys for Defendant Bauer Media Group USA, LLC ("Bauer"). I am fully familiar with the facts and circumstances herein, and make this declaration based on my personal knowledge and/or review of MKSR's files.

2. By its September 18, 2019 Memorandum Opinion, this Court granted in part Bauer's Motion for Sanctions and/or Security for Costs "to the extent that," among other relief, "plaintiff's counsel, Mr. [Richard] Liebowitz, shall pay defendant's reasonable attorney's fees, for making and litigating this motion." *See* Dkt. 56, at 15. I make this Declaration in further support of Bauer's award of such reasonable attorneys' fees as detailed in the Declaration of David S. Korzenik dated October 16, 2019 ("Korzenik Decl.") and the exhibit attached thereto. *See* Dkts. 65, 65-1. I also make this Declaration to correct misstatements of the record made by Mr. Liebowitz in his opposition to Mr. Korzenik's Declaration. *See* Dkt. 79 ("Opp.").

1

3. Mr. Korzenik's Declaration details how MKSR seeks to recover $38,080 for the 116.8 hours it was required to spend to make and litigate Bauer's motion. *See* Dkt. 65 ¶14; Dkt. 65-1. In opposition, Mr. Liebowitz – when he is not attempting to reargue the merits of the monetary sanction (Opp. 4-5) – contends that he should only have to pay Bauer for 12-15 hours of work, at most. *See* Opp. 3, 10. However, not only were MKSR's rates more than reasonable here (see Korzenik Decl. ¶¶6-7); as further set forth below, the hours MKSR spent were proportionate to the work we were required to perform.

4. Mr. Liebowitz repeats his claim that Bauer's motion was "non-dispositive." Opp. 2; *see also* Dkt. 76 at 1 (letter from Richard Liebowitz dated November 20, 2019 requesting leave to file opposition papers). But as we previously pointed out, Bauer's motion sought dismissal of Plaintiff Steve Sands' complaint. *See* Dkt. 38.

5. Mr. Liebowitz contends that Bauer "did not even request its attorneys fees for filing the motion." Opp. 7. However, Bauer noticed its motion "pursuant to Fed. R. Civ. P. 16, 26, and 37," and in addition to itemized relief sought "such other relief as the Court deems just and proper." *See* Dkt. 38. The Court in turn held that both Mr. Sands and Mr. Liebowitz "violated their obligations under Rule 26(a)," and noted that under Fed. R. Civ. P. 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the court . . . (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure." *See Sands v. Bauer Media Grp. USA, LLC*, No. 17-cv-9215 (LAK), Dkt. 56, 2019 WL 4464672, at *4-5 (S.D.N.Y. Sept. 18, 2019).

6. In calculating fee awards, both the Second Circuit and the Supreme Court "have held that the lodestar – the product of a reasonable hourly rate and the reasonable number of hours required by the case – creates a 'presumptively reasonable fee.'" *Millea v. Metro-North R.*

2

*Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citations omitted); *Safeco Ins. Co. of America v. M.E.S., Inc.*, --- F. App'x ----, 2019 WL 5588852, at *2 (2d Cir. Oct. 30, 2019); *see also Perdue v. Kenny A.* 559 U.S. 542, 546 (2010) (lodestar calculated by multiplying "number of hours worked" by "prevailing hourly rates"). Additional considerations "may lead the district court to adjust the fee upward or downward, including the important factor of the 'results obtained.'" *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted); *Safeco*, 2019 WL 5588852, at *2 (district courts adjust lodestar amount "based on case-specific considerations") (citation omitted). Mr. Liebowitz does not appear to contest this standard. *See* Opp. 7 (citing *Hensley*, 461 U.S. at 440).

7. **Hourly Rates:** As Mr. Korzenik detailed in his Declaration, two MKSR associates – Zachary Press and me – performed all but 3.3 of the hours submitted in Bauer's fees request. *See* Korzenik Decl. ¶¶12-14 & Ex. A. By agreement, MKSR has billed Bauer at rates of $450 per hour for partners, and $300 to $350 per hour for associates. Korzenik Decl. ¶6. Although Mr. Liebowitz proposes calculation of fees using a *higher* rate than what MKSR billed Bauer for the bulk of its work on this motion – $375 per hour – he does not contest the reasonableness of the rates Bauer paid. *Compare* Opp. 10, *with* Korzenik Decl. ¶6. *See also Millea v. Metro-North R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

8. **Hours Worked:** This motion sequence initially involved MKSR's preparation of a 17-page moving memorandum of law (Dkt. 40) and a supporting declaration (Dkt. 39). The motion engaged significantly with both the factual record and procedural history of this case. *See* Dkt. 40, at 5-9. In response, Mr. Sands submitted a 36-page memorandum of law in opposition (Dkt. 43), and a supporting declaration of his own (Dkt. 44).

9. We had to rewrite our reply memorandum after Mr. Sands' counsel dumped on us 226 pages of purported licensing documents that they had never produced previously. They did

so on the literal eve of our filing deadline, after we had already expended time on our first set of reply papers. See Dkt. 45, at 1; Dkt. 48, at ¶¶3-4; Dkt. 49; see also Korzenik Decl. at ¶3 & Ex. A. at 11-12 (time entries dated 12/01/2018-12/06/2018). Ultimately, we filed a 9-page reply memorandum (Dkt. 49) and a supporting reply declaration (Dkt. 48). We further litigated Bauer's request to file a sur-reply, which the Court denied (*see* Dkts. 50-52).

10.  Bauer has not included in this fees application the litigation over Mr. Sands' motion to reopen his motion for summary judgment while Bauer's sanctions motion was pending (Dkts. 53-55); Mr. Sands' motion for reconsideration of the Court's sanctions opinion (Dkts. 59-63); Mr. Sands' opposition to the Court's show-cause order for a bond (Dkt. 58), or the fees application itself (Dkts. 65-67, 76-78).

11.  Mr. Korzenik's Declaration noted that the fees Bauer seeks to recover here have all been "billed to and paid by Bauer." Korzenik Decl. ¶4. The fact that "a highly sophisticated business client" such as Bauer "has paid these bills, presumably after careful review by its general counsel or other senior business executives, is prima facie evidence of the reasonableness of the amount as a whole (beyond just the reasonableness of the hourly rates charged), since [the client] could not have assumed that it would be reimbursed in full, or even in part." *Diplomatic Man, Inc. v. Nike, Inc.*, No. 08 Civ. 139 (GEL), 2009 WL 935674, at *6 (S.D.N.Y. Apr. 7, 2009).

12.  Mr. Liebowitz argues that our hours are excessive compared to the time his firm and another copyright plaintiffs' firm spent litigating two cases involving bench trials. Opp. 2-3. Neither of those cases provide relevant comparisons here. Instead, Mr. Sands and Mr. Liebowitz's conduct here left Bauer "no choice but to spend significant hours on factual development." *Rahman v. The Smith & Wollensky Restaurant Grp., Inc.*, No. 06 Civ. 6198(LAK)(JCF), 2009 WL 72441, at *6 (S.D.N.Y. Jan. 7, 2009) (approving of fees sought for

"116.7 hours of attorney and paralegal time defending against the plaintiff's motion for sanctions and to compel discovery"), *judgment entered*, 2009 WL 2169762 (S.D.N.Y. July 21, 2009) (Kaplan, J). This was not a motion lacking in factual and procedural complexity, as Mr. Liebowitz claims. Opp. 8; *see, e.g.*, Dkt. 40, at 1-5.

13.   Mr. Liebowitz argues the Court should discount Bauer's fees by 50 percent because the Court did not award fees "in connection with its motion for security." Opp. 5. Bauer had anticipated making a relatively straightforward motion for security in early September 2018. *See* Dkt. 23. But that was before Mr. Sands made his motion for summary judgment, in which he began to reveal the photo licensing history that Bauer had sought from the case outset. Thereafter, Bauer's motion grounds changed. It ultimately sought a show-cause order for security only as alternative relief. *See* Dkt. 38. Nevertheless, *all* of the relief Bauer sought in its motion was premised on the same discovery violations that the Court ultimately found. *Sands*, 2019 WL 4464672, at *4.

14.   **Other Considerations:** Mr. Liebowitz argues that Bauer's motion for sanctions "failed in its entirety." Opp. 7. The Court, however, plainly agreed with Bauer's core contention that Mr. Sands and Mr. Liebowitz had violated their discovery obligations. *Sands*, 2019 WL 4464672, at *4. That is hardly a failure. Nor is it prevailing "on a technicality in a mostly frivolous lawsuit," to which Mr. Liebowitz tries to liken Bauer's motion. *See Millea*, 658 F.3d at 168, *citing Farrer v. Hobby*, 506 U.S. 103, 114-15 (1992); Opp. 7.

15.   Mr. Liebowitz argues that MKSR's fees should be discounted because its time entries are "replete with tasks that could have been performed by non-lawyers, such as preparing courtesy copies and researching page limits." Opp. 9. Yet MKSR's submitted time records show a single entry, for one-tenth of an hour, on researching compliance with any "rules re page

5

limits" while we were drafting our reply memorandum last year. *See* Korzenik Decl. Ex. A, at 13. And MKSR's submitted invoices show only four entries, for a combined 2 hours, concerning submission of "courtesy copies" of our motion papers per the Court's rules. Korzenik Decl. Ex. A, at 9, 12, 14. MKSR does not have a paralegal, whose fees would nevertheless be recoverable. *See, e.g., Kanongataa v. Am. Broad. Cos. et al.*, Nos. 16-cv-7382 (LAK), 16-cv-7383 (LAK), 16-cv-7472 (LAK), 2017 WL 4776981, at *3 (Oct. 4, 2017) (Kaplan, J.) (granting prevailing fair use defendants' attorney fee motions "in all respects"); Defendants' Joint Memorandum of Law In Support of the Entry of Attorneys' Fees, *Kanongataa v. Coed Media Grp., LLC*, No. 16-cv-07472-LAK, at 9, Dkt. 39, at 4 (S.D.N.Y. July 12, 2017) (detailing paralegal rates of approximately $150 per hour). *See also Diplomatic Man*, 2009 WL 935674, at *5-6 (finding hourly paralegal rate of $200 "perfectly reasonable"). In any event, 1.9 out of the total 2.1 hours of "page limits" and "courtesy copies" time was subject to the lowest of MKSR's rates, with MKSR's "junior attorney" handling these tasks as Mr. Liebowitz's own authority counsels. Opp. 9, *citing Barile v. Allied Interstate, Inc.*, No. 12 Civ. 916 (LAP)(DF), 2013 795649, at *3 (Jan. 30, 2013); *see* Korzenik Decl. ¶6; Korzenik Decl. Ex. A, at 9, 10; 12-14, 15.

16.   Lastly, Mr. Liebowitz attempts to reargue the merits of the Court's monetary sanction, contending that Bauer should recover no fees because it suffered "no prejudice." Opp. 5. That contention is untrue. The Court concluded in its fees opinion that Mr. Sands and Mr. Liebowitz's withholding of key licensing information *had* "prejudiced Bauer." *Sands*, 2019 WL 4464672, at *6. It also denied Mr. Sands' motion for reconsideration on this very point. Dkt. 63 (Order denying Sands motion for reconsideration); *see also* Dkt. 60, at 2-4 (Sands memo of law in support of reconsideration).

I hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief. Signed this 13th day of December, 2019.

_____
**Terence P. Keegan**