

February 10, 2020

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10007

Re: *Sands v. Bauer Media Group LLC,* 1:17-cv-09215 (LAK)

Dear Judge Kaplan:

We represent Plaintiff Steve Sands in the above-referenced action and write to respectfully move the Court under Fed.R.Civ.P. 62 and/or the Court's inherent power to stay the execution of the Court's Judgment, dated February 4, 2020 [Dkt. # 84], without the imposition of any bond, pending Plaintiff's appeal of the Court's decision to impose sanctions on Richard Liebowitz and Liebowitz Law Firm, PLLC (collectively, "LLF") in the amount of $28,567.50 [Dkt. # 56]. A notice of appeal was timely filed on December 26, 2019 [Dkt. #82] and appellant's opening brief is due to be filed in April 2020.

"[T]he appellant may move that the district court employ its discretion to waive the bond requirement." *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). Relying on *Dillon,* the Second Circuit has established several factors for determining whether a judgment, including for payment of fees and costs, may be stayed without bond or other condition pending appeal. *In re Nassau County Strip Search Cases*, 783 F.3d 414, 417-18 (2d Cir. 2015) (considering the complexity of the collection process; the amount of time required to obtain a judgment after an appeal; the appellant's ability to pay the judgment; whether the appellant's ability to pay makes the cost of a bond wasteful; and whether the appellant is in such a precarious financial condition that a bond would harm its other creditors).

Applying the *Dillon* factors here, there is no practical reason to require LLF to post or bond or deposit funds in order to secure a stay pending appeal. The simple fact is that LLF is in solid financial condition and can readily afford to satisfy the judgment of $28,567.50 if the Court's sanctions award is affirmed. LLF handles over 400 plus cases on its docket at any given time and represents over 1000 clients. LLF is not anywhere near to being in a precarious financial condition. The ability of LLF to satisfy the judgment makes the cost of a bond wasteful. Further, there will not be any complex collection issues if the Second Circuit affirms the Court's decision on sanctions. Finally, Bauer Media will not be prejudiced in any manner if the Court stays execution of the judgment pending appeal and waives any bond requirement.





       For the foregoing reasons, Plaintiff respectfully requests that the Court grant the requested relief.

Respectfully Submitted,

**/s/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Steve Sands*