# MILLER KORZENIK SOMMERS RAYMAN LLP
THE PARAMOUNT BUILDING • 1501 BROADWAY, SUITE 2015 • NEW YORK, NY 10036
TEL 212-752-9200 • FAX 212-688-3996 • WWW.MKSR.LAW

February 18, 2020

**By ECF**
Hon. Lewis A. Kaplan, U.S.D.J.
United States District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007-1312

Re:   *Sands v. Bauer Media Group USA, LLC*, No. 17-cv-9215 (LAK)
      <u>Opposition to Motion of Richard Liebowitz To Stay Sanction Without Bond</u>

Dear Judge Kaplan:

We represent Bauer Media Group USA, LLC. We oppose the February 10 letter motion of Richard Liebowitz, counsel for Plaintiff Steve Sands, to stay without security the execution of the monetary sanction judgment against him pending Mr. Sands' appeal of this action. *See* Dkts. 82, 84, 86, 88. The Court should deny Mr. Liebowitz's motion: if he wishes to obtain a stay under Fed. R. Civ. P. 62(b), he should have to submit for the Court's approval a supersedeas bond or other security in the amount of the full judgment – $28,567.50 (Dkt. 84).

Mr. Liebowitz fails to demonstrate why the Court should waive the requirement to submit a supersedeas bond or other security for the Court's approval before his firm can avail itself of Rule 62's stay provision. *See* Fed. R. Civ. P. 62(b) ("At any time after judgment is entered, a party may obtain a stay by providing a bond or other security. The stay takes effect *when the court approves the bond or other security* and remains in effect for the time specified in the bond or other security.") (emphasis added).

It is true that the Second Circuit has held that a district court "may, in its discretion, waive the bond requirement 'if the appellant provides an acceptable alternative means of securing the judgment.'" *In re Nassau County Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015) (citation omitted); see Dkt. 86, at 1. But Mr. Liebowitz fails to demonstrate, under any of the five non-exclusive factors identified by the Second Circuit in *Nassau County* (*id.* at 417-18, citing *Dillon v. Chicago*, 866 F.2d 902, 904–05 (7th Cir.1988)), why the Court should permit his firm to prosecute Mr. Sands' appeal while the judgment against him remains entirely unsecured.

Regarding the first *Nassau County* factor, "the complexity of the collection process" (*id.* at 417), Mr. Liebowitz simply claims "there will not be any complex collection issues if the Second Circuit affirms the Court's decision on sanctions." Dkt. 86, at 1. But he has not identified, as the judgment debtors in *Nassau County* and *Dillon* both did, "the existence of previously appropriated funds, available for the purpose of paying judgments without substantial

delay or other difficulty." *See Nassau County*, 783 F.3d at 417, citing *Dillon*, 866 F.2d at 905. He merely suggests proceeds from his firm's hundreds of cases and clients would be available. *See* Dkt. 86, at 1. But another court in this District has observed that where a judgment debtor's net worth appears to "consist[ ] largely of illiquid assets," that would "likely complicat[e] any collection effort." *See John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 327 F. Supp. 3d 606, 649 (S.D.N.Y. 2018). It would surely multiply our collection costs.

Mr. Liebowitz provides no information regarding the second factor, "the amount of time required to obtain a judgment after it is affirmed on appeal." *Nassau County*, 783 F.3d at 417. The *Dillon* Court, for example, noted that the judgment debtor had established by affidavit that the "entire process of payment of the judgment and fees and costs should take less than thirty days, and is guaranteed to be paid from the Corporate Payroll Fund of the City of Chicago." 866 F.2d at 905. In contrast, all Mr. Liebowitz asserts is that his firm "can readily afford to satisfy the judgment of $28,567.50," presumably from proceeds of the 400-odd cases Mr. Liebowitz claims his firm handles "at any given time." Dkt. 86, at 1. Disposition of Sands' appeal could take months; Mr. Liebowitz offers no evidentiary facts that show his firm will be able to "readily afford" payment if the Second Circuit affirms. The obstacles to recovery would arm Mr. Liebowitz with the means to force down the amount of the judgment.

Mr. Liebowitz's assertions about his firm's docket, standing alone, should give the Court no "confidence . . . in the availability of funds to pay the judgment" per *Nassau County*'s third factor. 783 F.3d at 417. Nor is Mr. Liebowitz's "ability to pay the judgment . . . so plain" from a single paragraph of unsworn assertions that, per the fourth factor, "the cost of a bond would be a waste of money." *Id.*; *see* Dkt. 86, at 1. With no irony, Mr. Liebowitz is attempting to premise an unsecured stay in this case – noteworthy for his discovery misconduct and Mr. Sands' ignoring the Court's Local Civil Rule 54.2 bond order, which resulted in dismissal – on sustaining the "deluge" of photo infringement cases this Court called attention to in its September 2019 sanctions opinion. *Sands v. Bauer Media Grp. USA, LLC*, No. 17-cv-09215-LAK, 2019 WL 4464672, at *1 (S.D.N.Y. Sept. 18, 2019). As Your Honor noted, quoting Judge Furman, that "deluge" has already produced its own "body of law . . . devoted to the question of whether and when to impose sanctions on Mr. Liebowitz." *See id.*, citing *Rice v. NBCUniversal Media, LLC*, No. 19-cv-00447-JMF, 2019 WL 3000808 (S.D.N.Y. July 10, 2019); *see also Sands v. Bauer Media Grp. USA, LLC*, 2019 WL 6324866, at *2 (S.D.N.Y. Nov. 26, 2019) (Kaplan, J.).

The "body of law" continues to grow. Just one week before the Court entered judgment in this case, Judge Carter sanctioned Mr. Liebowitz and his firm under 28 U.S.C. § 1927 and the Court's inherent power – ordering them to pay $10,000 of a $100,000 attorneys' fee award granted against their client – for "failing to investigate the evidentiary basis for a Complaint, . . . stonewalling discovery, . . . misleading the Court, and . . . making meritless arguments." *See Rock v. Enfants Riches Deprimes, LLC*, No. 17-cv-02618-ALC, 2020 WL 468904, at *3-4 (S.D.N.Y. Jan. 29, 2020). (No judgment appears to have been entered in that case to date.) Even in one of Mr. Liebowitz's most recent wins, Judge Woods determined Mr. Liebowitz's client was entitled only to the minimum statutory damages award of $750, and no attorney's fees, after he and Mr. Liebowitz had "consistently and undeniably asserted inflated values" for the copyright at issue. "The protection of copyright is an important value," Judge Woods concluded,

"but there is little benefit to the copyright law in rewarding [the plaintiff] for prolonging litigation in pursuit of an unjustifiably inflated claim." *See Otto v. Hearst Commc'ns, Inc.*, No. 17-cv-04712-GHW, 2020 WL 377479, at *4 (S.D.N.Y. Jan. 23, 2020). Mr. Liebowitz's assertions should give the Court no confidence that he "would be able to pay the judgment with ease." *See John Wiley & Sons, Inc.*, 327 F. Supp. 3d at 649 (citation omitted).

Lastly, Mr. Liebowitz hardly addresses the fifth *Nassau County* factor: "whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position." 783 F.3d at 417-18. He merely states that "LLF is not anywhere near to being in a precarious financial condition." *See* Dkt. 86, at 1. He identifies no creditors. Instead, he offers a blanket assertion that Bauer "will not be prejudiced in any manner if the Court . . . waives any bond requirement." *Id.* Mr. Liebowitz ignores that "[t]he purpose of [Rule 62(b)] is to ensure 'that the prevailing party will recover in full, if the decision should be affirmed, while protecting the other side against the risk that payment cannot be recouped if the decision should be reversed.'" *Nassau County*, 783 F.3d at 417 (citation omitted). [1] Mr. Liebowitz would be entitled to a stay under Rule 62(b) only if he could show that Bauer's judgment recovery would be certain. He has failed to do so.

Nor does Mr. Liebowitz provide any "alternative means of securing the judgment" against him and his firm. *See Moore v. Navillus Tile, Inc.*, Nos. 14-cv-8326, 15-cv-8441, 2017 WL 4326537, at *6 (S.D.N.Y. Sept. 28, 2017) (judgment debtor "has made no offer to post a partial bond, or even to accept financial oversight or other conditions that might ameliorate the [judgment creditors'] legitimate fears," motion to stay without bond denied); *Xerox Corp. v. JCTB Inc.*, No. 6:18-cv-06154-MAT, 2019 WL 6000997, at *4 (W.D.N.Y. Nov. 14, 2019) (because judgment debtors "have not suggested an 'acceptable alternative means of securing the judgment,' . . . the Court concludes that it cannot grant the motion to stay") (citation omitted).

The Court should deny Mr. Liebowitz's motion.

Respectfully submitted,

/s/Terence P. Keegan
Terence P. Keegan

CC: Counsel of Record via ECF

---

[1] *See also Xerox Corp. v. JCTB Inc.*, No. 6:18-cv-06154-MAT, 2019 WL 6000997, at *3 (W.D.N.Y. Nov. 14, 2019) (discussing how Rule 62(b), amended in 2018, "carries forward in modified form the supersedeas bond provisions of former Rule 62(d)") (citation omitted). The Second Circuit's analysis of former Rule 62(d) in *Nassau County* applies equally to the current rule. *See id.*