

February 25, 2020

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10007

Re:   *Sands v. Bauer Media Group LLC,* 1:17-cv-09215 (LAK)

Dear Judge Kaplan:

We represent Plaintiff Steve Sands in the above-referenced action and write in further support of our application under Fed.R.Civ.P. 62 and/or the Court's inherent power to stay the execution of the Court's Judgment, dated February 4, 2020 [Dkt. # 84], without the imposition of any bond, pending Plaintiff's appeal of the Court's decision to impose sanctions on Richard Liebowitz and Liebowitz Law Firm, PLLC (collectively, "LLF") in the amount of $28,567.50 [Dkt. # 56].

The crux of Defendant's opposition is that in order to waive the bond, Plaintiff (or his counsel) must provide an "alternate means of securing the judgment."  *In re Nassau Cty. Strip Search Cases*, 783 F.3d 414, 417 (2d Cir. 2015).  But Defendant's position misconstrues the Second Circuit's holding.  *Nassau* stands for the proposition that a bond pending appeal is unnecessary and impractical "where the [appellant]'s ability to pay the judgment is so plain that the cost of the bond would be a waste of money." *Id. quoting Olympia Equip. Leasing Co. v. Western Union Tel. Co*., 786 F.2d 794, 796 (7th Cir.1986); *see also Acevedo–Garcia v. Vera–Monroig*, 296 F.3d 13, 17 (1st Cir.2002) (*per curiam*) ("Courts have held that no bond is required if: (1) the defendant's ability to pay is so plain that the posting of a bond would be a waste of money; or (2) the bond would put the defendant's other creditors in undue jeopardy.").

Here, a judgment in the amount of $28,567.50 against a well-established law firm with over 400 pending cases on the federal docket can be readily satisfied if the Second Circuit affirms.  Defendant's opposition is directed to securing payment by an unknown *party* – rather than a law firm with an extended track record of litigating in this District.  LLF has been sanctioned in the past, but has never defaulted on *any* payment, whether to a defendant or to the Clerk of Court.  LLF has dutifully complied with all Court orders to pay outstanding penalties and Defendant has failed to present any evidence otherwise. LLF has never filed for bankruptcy.





      Moreover, LLF can guarantee that payment of the District Court's judgment will be satisfied within sixty days from LLF's Bank Account in the event of an affirmance.

      In the end, other than for reasons of gamesmanship and leverage, there is no justifiable reason for Bauer to seek execution of this judgment pending appeal. Because the judgment is against an Officer of this Court - rather than a party - the Court should properly waive the bond requirement and allow the appeal to proceed on the merits.

      Respectfully submitted,

**/s/richardliebowitz/**
Richard Liebowitz

*Counsel for Plaintiff Steve Sands*