

# Liebowitz Law Firm, PLLC
ATTORNEYS FOR THE PHOTOGRAPHIC ARTS

11 SUNRISE PLAZA, STE. 305
VALLEY STREAM, NY 11580
(516) 233-1660
WWW.LIEBOWITZLAWFIRM.COM

February 10, 2020

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED 2-28-2020

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 21B
New York, NY 10007

**MEMO ENDORSED**

Re: *Sands v. Bauer Media Group LLC*, 1:17-cv-09215 (LAK)

Dear Judge Kaplan:

We represent Plaintiff Steve Sands in the above-referenced action and write to respectfully move the Court under Fed.R.Civ.P. 62 and/or the Court's inherent power to stay the execution of the Court's Judgment, dated February 4, 2020 [Dkt. # 84], without the imposition of any bond, pending Plaintiff's appeal of the Court's decision to impose sanctions on Richard Liebowitz and Liebowitz Law Firm, PLLC (collectively, "LLF") in the amount of $28,567.50 [Dkt. # 56]. A notice of appeal was timely filed on December 26, 2019 [Dkt. #82] and appellant's opening brief is due to be filed in April 2020.

"[T]he appellant may move that the district court employ its discretion to waive the bond requirement." *Dillon v. City of Chicago*, 866 F.2d 902, 904 (7th Cir. 1988). Relying on *Dillon*, the Second Circuit has established several factors for determining whether a judgment, including for payment of fees and costs, may be stayed without bond or other condition pending appeal. *In re Nassau County Strip Search Cases*, 783 F.3d 414, 417-18 (2d Cir. 2015) (considering the complexity of the collection process; the amount of time required to obtain a judgment after an appeal; the appellant's ability to pay the judgment; whether the appellant's ability to pay makes the cost of a bond wasteful; and whether the appellant is in such a precarious financial condition that a bond would harm its other creditors).

Applying the *Dillon* factors here, there is no practical reason to require LLF to post or bond or deposit funds in order to secure a stay pending appeal. The simple fact is that LLF is in solid financial condition and can readily afford to satisfy the judgment of $28,567.50 if the Court's sanctions award is affirmed. LLF handles over 400 plus cases on its docket at any given time and represents over 1000 clients. LLF is not anywhere near to being in a precarious financial condition. The ability of LLF to satisfy the judgment makes the cost of a bond wasteful. Further, there will not be any complex collection issues if the Second Circuit affirms the Court's decision on sanctions. Finally, Bauer Media will not be prejudiced in any manner if the Court stays execution of the judgment pending appeal and waives any bond requirement.

Liebowitz Law Firm, PLLC

Memorandum Endorsement          Sands v Bauer Media Group LLC, 17-cv-9215 (LAK)

Plaintiff's attorneys, Richard Liebowitz and Liebowitz Law Firm PLLC seek a stay of enforcement pending appeal of a $28,567.50 money judgment against them without any security. Of course, a stay pending appeal is available to them as of right upon the posting of a supersedeas bond. Fed. R. Civ. P. 62(a). Apparently, they are unable or unwilling to obtain such a bond, which reportedly would cost something in the neighborhood of 1 to 5 percent of the principal amount of the bond (here roughly $285 to $1,425) and collateral. *See, e.g.,* Brunswick Companies, *How to Get an Appeal/Supersedeas Bond* (available at https://www.brunswickcompanies.com/surety-bonds/how-to-get-an-appeal-supersedeas-bond/); Jurisco, *Supersedeas/Appeal Bond* (available at https://jurisco.com/what-is-surety-bond-definition/defendants-bonds/supersedeas-bond-appeal-bond-2/) (both last visited Feb. 28, 2020).

Inability, if Mr. Liebowitz is to be believed, is not the problem. His letter application protests that his firm is in "solid financial condition and can readily afford to satisfy the judgment." Dkt. 86. But Mr. Leibowitz has provided no affidavit or declaration, much less any hard financial information. So I have no reliable way to determine whether his representation is true.[1] Moreover, I have no basis for reaching any reliable conclusion as to whether collection if the judgment is affirmed will be simplicitly itself or a troublesome and difficult search for assets.

I note also that the application was not properly made, as it is one that should havehttps://jurisco.com/what-is-surety-bond-definition/defendants-bonds/supersedeas-bond-appeal-bond-2/ been made by proper motion rather than by letter. S.D.N.Y. ECF Rules and Instructions § 13.1.

Accordingly, the motion is denied.

SO ORDERED.

Dated:   February 28, 2020

_____
Lewis A. Kaplan
United States District Judge

---

[1] Any such assumption might well be problematic. *See, e.g., Sands v. Bauer Media Group USA, Inc.,* 2019 WL 6324866, at *2 & n.1 (S.D.N.Y. Nov. 26, 2019).(citing false representations in this and another case); *Rudkowski v. MIC Zrietwork, Inc.,* 2018 WL 1801307, at *3 n.3 (S.D.N.Y. Mar. 23, 2018) ("Mr. Liebowitz . . . misrepresented in this case that Video's copyright was already registered . . . while knowing that the application made merely been filed"); ; *Steeger v. MJMS Cleaning Servs., LLC,* 2018 WL 1363497, at *2 (S.D.N.Y. Mar. 15, 2018) (Liebowtiz "repeats misleading or inaccurate statements that he made in earlier submissions"); *Reynolds v. Hearst Communications, Inc.,* 2018 WL 1229840, at *4 (S.D.N.Y. Mar. 5, 2018) (Liebowitz argument "demonstrably false").